# Stoelker *v.* Wooten.

*Action on the Case by Landlord, for Converson of Rent Cotton.*

1. *Landlord's remedy against purchaser of tenant's crop, whereby statutory lien is destroyed.*—A special action on the case lies in favor of the landlord, against a purchaser of the tenant's crop with notice of the landlord's statutory lien, whereby the lien was lost and destroyed; but a prior waiver of his lien by the landlord, in favor of the purchaser, is a defense to such action.

2. *Same; agreement waiving lien.*—An agreement between the landlord and a merchant who had made advances to the tenants, taking mortgages on their crops and stock, and who was unwilling to make additional advances for the next ensuing year without a waiver of the landlord's lien in his favor; by which it was stipulated that the landlord would waive his lien, that the accrued rents for the year might be applied to the merchant's debts, that he would continue to make advances for the ensuing year, but limited to actual necessaries, under the supervision of the landlord's agent, at actual cost with interest added, and that he would, at the end of the year, transfer his mortgages to the landlord, on payment of the several debts due him,—such agreement is an absolute and unconditional waiver of the landlord's lien for the past year, but the waiver as to the ensuing year is conditional, being dependent on the performance of the stipulated acts by the merchant; and these conditions not having been performed, the agreement is no defense to an action by the landlord for the sale of the cotton raised by the tenants during that year.

3. *Nonsuit; what is revisable.*—When a nonsuit is taken on account of a charge to the jury, to which exception was reserved (Code, § 3112), rulings on demurrer can not be considered on error.

APPEAL from Marengo Circuit Court.

Tried before the Hon. W. E. CLARKE.

This action was brought by Otto Stoelker against Council B. Wooten, to recover damages for the conversion by the defendant of the crops grown on plaintiff's plantation in Marengo county, for the years 1883 and 1884, upon which plaintiff had a lien for rents, and was commenced February 9th, 1885. The complaint avers that Stoelker owned a plantation in Marengo county, known as the "Kirksey place," which he rented to a number of tenants, who procured advances from the appellee, Wooten, who was a merchant in the neighborhood; that these tenants had become indebted to said Wooten, who held mortgages on their stock and crops to secure said indebtedness—for advances made during the year 1883; that about the middle of December of that year said Wooten applied to one King, the agent of Stoelker, to get a waiver from Stoelker of his landlord's lien upon the crops of these tenants for the year 1883,

[Stoelker v. Wooten.]

and upon the crops to be grown by them in 1884, in favor of said Wooten, representing to King that unless this was done he, Wooten, would foreclose his mortgages and thus break up the tenants on the place; that King went to Montgomery, at the instance of Wooten, and submitted this proposition to Stoelker, viz: that if he, Stoelker, would waive his landlord's lien in favor of Wooten for the years 1883 and 1884, he, Wooten, would not foreclose his mortgages on said tenants, but would advance them again for the year 1884, letting them have only necessary supplies at cost, with interest added; that he would make the advances under the supervision of Stoelker's agent, and that his settlements with the tenants would be in the presence of said agent, and that at the end of the year 1884, upon the payment by Stoelker of the balances that then might be due to him, Wooten, from said tenants, he would transfer the mortgages upon them to Stoelker; that Stoelker consented to this proposition and agreed to waive his lien for the years 1883 and 1884. The complaint further avers that Wooten wholly failed to comply with his agreement in this, that though he received the crops of 1883 and applied the proceeds to the accounts of these tenants; he failed to supply them with necessaries only during the year 1884, but furnished them with many things that were not necessary, and at prices greatly above cost and interest; that he failed to submit said accounts to Stoelker's agent, but settled with said tenants without the presence and knowledge of said agent; that he failed and refused to transfer the mortgages to Stoelker, that he might be reimbursed for his rents, and that by reason of the wrongful conduct of the defendant plaintiff had lost his lien on the crops of said tenant, wherefore he brings this suit.

The defendant pleaded the general issue, the statute of limitations of one year, and that the conversion complained of was by the consent of the plaintiff first secured. On these pleas issue was joined. After all the evidence was before the jury, the court, at the request of the defendant, gave the following charge: "If the jury believe from the evidence, that the defendant took the cotton, which he is sued for taking in this action, with the consent of the plaintiff, he can not recover in this action, although the defendant may not have complied with the contract in all of its terms offered in evidence by the plaintiff." To this charge the plaintiff excepted, took a nonsuit, with bill of exceptions, and appealed to this court.

PITTS & CHRISTIAN, and THOS. R. ROULHAC, for appellant.

NORBORNE CLARKE, and G. W. TAYLOR, contra.

[Stoelker v. Wooten.]

CLOPTON, J.—Appellant brings a special action on the case to recover damages for the loss of his lien for rent on cotton, which the defendant, having acquired the possession, applied to his own use with notice of the lien. The conversion of the cotton and notice of the lien are not disputed. The defense is, that the defendant received and applied it to his own use with the consent of plaintiff. The defendant, who was a merchant, had made advances during 1883·to the tenants of plaintiff, taking as security mortgages on their crops, stock, and farming implements. The tenants being unable to pay both the rents and advances, an arrangement was entered into by the parties in December of that year in reference to plaintiff's waiver of his lien as landlord, and the application of the crops grown in 1883 and to be grown in 1884. Though the evidence is in conflict as to some of the terms of the arrangement, on the hypothesis of the charge given at the instance of defendant, we must assume as true the version which the evidence on the part of the plaintiff tends to establish, and on such assumption consider the question involved in the proposition of the instruction. From this evidence it appears, that the plaintiff waived his lien for the rents due and to become due for 1883 and 1884 in favor of the defendant, that they might be applied to the indebtedness of the several tenants to him, upon condition that he would not foreclose his mortgages, and would advance to the tenants during 1884 only necessary supplies, charging only the actual cost, with the interest added; that the advances should be made under the supervision of the plaintiff's agent; and none of the tenants should be closed out without a settlement first made in his presence, and upon payment by each tenant of his individual account for both years, the defendant would transfer to plaintiff for his reimbursement the mortgages on such tenant's property. The evidence as to performance of these conditions was conflicting; but the court instructed the jury, that the plaintiff can not recover if defendant took the cotton in controversy with his consent, although defendant may not have complied with all the terms of the contract offered in evidence by the plaintiff.

The waiver of the lien is set up defensively; and whether or not it is essential to the sufficiency of the defense, that defendant shall show performance on his part, depends upon the nature and character of the agreement—whether the stipulations are conditions; in other words, if the parties were reversed, and defendant were suing for a breach of the agreement, whether he would have to aver and show performance on his part to entitle him to recover. Notwithstanding rules have been formulated for the interpretation of conditions, the courts regard them as of little practical value, and now generally

agree, that the interpretation must "depend upon the intention of the parties, to be collected in each particular case from the terms of the agreement itself, and from the subject matter to which it relates."—2 Par. on Con. 667; *Nesbitt v. McGehee*, 26 Ala. 748. By express words, plaintiff's acceptance of the proposition of defendant is, *upon condition* that he would do and perform all the stipulations contained therein. While no technical words will constitute a condition, if such is not the intention or understanding of the parties, they may be properly considered in connection with the other expressions and provisions of the contract, and the objects contemplated. The plaintiff as landlord had a superior lien on the crops. The defendant was unwilling to continue making advances to the tenants unless he could obtain in his favor a waiver of this lien. In this condition of affairs the proposition was made and accepted, so as to enable the tenants to carry on their farming operations during the succeeding year. The purpose of the defendant was to obtain payment for the past advances and security for future advances; and the purposes of plaintiff was to prevent the indebtedness, in favor of which he waived the lien, being enlarged beyond the actual cost, with interest added, of necessary supplies, and indemnity by transfers of the mortgages. The stipulations, that the advances should be made under the supervision of plaintiff's agent, and settlements made in his presence, are supplementary, designed to guard the other stipulations. Such are the subject matter, terms, and sense of the contract, by which the intention and understanding of the parties must be determined in the light of the rules applicable in such cases.

A general rule is: where by the terms of a contract, an act to be done by one party precedes the performance of the act by the other party, which is the consideration, performance by the other party can not be regarded as a condition; for by the terms it appears, that the party intended to rely upon his remedy. The defendant was authorized to take possession of, and appropriate the cotton grown in 1883, before the stipulations on his part were to be performed. The indebtedness for the past advances had accrued, and the crop had matured, at the time the contract was made. A present application was clearly intended. The waiver of the lien on the cotton of that year must be treated as unconditional. On the same principle, the transfer of the mortgages will not be considered a condition. The defendant does not stipulate to transfer them except upon payment of the tenant's indebtedness for both years; and the disposition of the cotton, and appropriation of the proceeds, might become necessary to entitle plaintiff to the transfers.

As regards the waiver of the lien on the cotton grown in 1883, and the transfer of the mortgages, the agreements are mutual and independent. But a further question is, whether the agreement to waive the lien on the cotton to be grown in 1884, and to advance only necessary supplies at actual cost with interest added, are not dependent and conditional? It does not follow that because some of the stipulations are independent, others may not be conditions. The rule sustained by the later decisions is, that in a contract some of the stipulations, relative to the same subject matter, may be mutual and independent, and others dependent and conditional.—*Kane v. Hood,* 13 Pick. 281; *Sheeren v. Moses,* 84 Ill. 448; 2 Benj. on Sales, § 858, *note* k. The agreements to waive the lien on the cotton to be grown in 1884, and to make advances during that year, are executory. The advances would necessarily be continuing, extending through the year, and their character and amount were peculiarly under the control of the defendant, for though it was stipulated, that they should be under the supervision of the agent, as he resided several miles distant, it could not have been contemplated, that he should be present when each advance was made to each tenant. By the agreement the plaintiff subordinated his lien to the payment of the advances, and it was important, that he should protect himself against all unnecessary accumulation of the indebtedness, which self-interest might prompt the defendant to permit, and perhaps to encourage. The advances were to be made for the purpose of enabling the tenants to make the crop to which the waiver of the lien related—the same subject matter. From the terms of the agreement, the nature of the subject matter, and the reason and sense, it appears that the intention was, not to rely upon an action to recover damages for the breach of that stipulation, but to make its performance a condition on which the waiver of the lien on the cotton to be grown in 1884 should be operative.

In order to bring the defense within the influence of the rule, that when a person is authorized by contract to take and dispose of property, he can not be charged for a tort on account of any act in reference thereto, which is warranted by the contract and done while it is in force, the defendant must show an agreement to waive the lien for the rent of 1884, and that the cotton might be applied to the payment of the tenants' indebtedness, binding and enforceable against the plaintiff. To do this, it is incumbent on him to show performance of the stipulation in respect to the advances to be made during 1884, without which he could not maintain an action on the agreement. We do not intimate any opinion as to the sufficiency of the evidence to establish what in fact is the agree-

[Ala. G. S. Railroad Co. v. Chapman.]

ment; but have considered the charge solely in reference to the agreement offered in evidence by the *plaintiff*, because it is the hypothesis on which the proposition of the charge is based, and thus considering it, hold it to be erroneous, in that it substantially asserts the proposition that the plaintiff is not entitled to recover for the loss of his lien for the rent of 1884, if defendant took the cotton by authority of the agreement, although he may not have performed the stipulations in respect to the advances.

The plaintiff having taken a non-suit with a bill of exceptions, we can not consider the ruling of the court on the demurrer to the replication.—*Levishon v. Edwards*, 79 Ala. 293.

Reversed and remanded.