## BRANCH BANK AT MONTGOMERY v. SYDNOR, USE, &c.

1. Where an agent to whom a note as such agent is made payable, entrusts it to an attorney for collection, who fraudulently transfers the note to a Bank, which collects the money, the agent cannot maintain an action for money had and received to his use against the Bank. The law will not raise an implied promise except in favor of the owner of the money.

Error to the Circuit Court of Montgomery.

ASSUMPSIT by the defendant against the plaintiff in error. It appears by a bill of exceptions that the plaintiff below, as the agent of McCargo, sold certain lands to Tod Robinson, taking from him two promissory notes payable to himself as agent of McCargo, each for $666 33, which notes were indorsed by William Robinson. These notes the plaintiff put in the hands of one Alanson Hardy for collection, taking from him a receipt, by which he promised to collect the notes and account for the money or return the notes, either to the plaintiff or McCargo. It further appeared in evidence that the indorsement of William Robinson was erased, and the indorsement of the plaintiff forged, and other indorsements made thereon, and that the notes in that condition were by Hardy delivered to the Bank in payment of his own debts. It further

appeared that the executors of Tod Robinson had paid the notes to the Bank.

The Court decided that the action could be maintained by the agent for the money, to which the defendant excepted. This is the only error brought to the notice of this Court.

ELMORE, for plaintiff in error, argued that the action could not be maintained by the agent against the Bank.   He admitted that an action could have been maintained by him against Tod Robinson, on the express promise.   He insisted that the doctrine was, that an agent could not sue unless there was an express promise to him as such, or unless he had an interest in the subject matter of the suit.   He cited 1 Chitty's Pl. 1, 8; 10th Barn & C. 671; 4th B. & Ald. 437; 4 B. & C. 664; 10 Wend. 156; 11th John. 23; 1 Camp. 337; 6th John. 94; 10 Id. 388; 4th Taunt. 1; 6 Id. 66.

HAYNE, contra, maintained that either the principal or agent might sue.   That the fact that the note had been improperly collected by the Bank, did not vary the case.   He cited Cowper, 805; Paley on Agency, 259; 8 Conn. 60; 8th Mass. 103; 4 Yerger, 29; Chitty on Bills, 144; 8th Taunt. 114.

ORMOND, J.—The only question presented upon the record is, whether the action can be maintained by the agent upon an implied promise.   It is clear that the Bank has no title to the money, which belongs to McCargo, and it is not shown that the agent has any interest in it, or that he is in any way liable to the plaintiff for it; nor is there any privity of contract between the Bank and the agent, the former having obtained the note on which the money was collected, not from the agent, but from an attorney to whom the agent entrusted it for collection.   Under these circumstances we are of the opinion that a promise cannot be implied to pay the agent.

An agent cannot sue in his own name, unless upon an express promise to him, [Piggott v. Thompson, 3 Bos. & Pul. 146,] and this principle may be said to be universally acknowledged. The note upon which this money was collected having been made payable to the defendant in error, as the agent of McCargo, he could doubtless have maintained an action upon it in his own name, as there was an express promise to him.

This action is upon the promise which the law implies from the Bank, who has no right to the money, to pay it to the true owner. That is not the defendant in error, he was a mere agent for collecting it, and does not appear to have had any interest whatever in it. He has therefore not the legal title to the money, and it is only in favor of the legal title that the law raises a promise to pay; that is, unless it is the money of the plaintiff it is not received to his use, which is the theory upon which the action for money had and received is maintainable. This is the doctrine of the text books, sustained by adjudged cases.

Thus, where A. had sued upon a bill of exchange as the trustee of another, and the attorney had received a sum of money which A. brought an action to recover; upon proof that he was a mere agent, without interest, it was held he could not maintain the action for money had and received to his use. [Clark v. Dignum, 3 M. & W. 478; see also, Middleham v. Eiche, Ib. 407; Randall v. Bell, 1 M. & S. 714; Harding v. Hall, 10th M. & W. 42; Smith et al v. Goddard, 3 B. & P. 466; Brown on Actions at Law, 522.]

The case of Stevenson v. Mortimer, [Cowp. 805,] cited to establish the contrary doctrine, is a mere dictum. The action there was by the principal, and it was contended, that as the fees were unlawfully extorted from the agent, the master of a ship belonging to the plaintiff, that he alone could maintain the action. The Court held the action well brought by the principal, on whose account the money had been illegally extorted and paid, and added that either the principal or agent might maintain the action. It is obvious the question was not presented, or necessary to be decided. If, however, it was, it is opposed by the entire current of authorities in England and the United States.

Let the judgment be reversed and the cause remanded.