# Levinshon *v.* Edwards.

*Action on Seaman's Advance Note, and for Money Had and Received.*

1. *Nonsuit; what is revisable.*—When a nonsuit is taken on account of adverse rulings on evidence, only those rulings, being duly excepted to (Code, § 3112), are revisable on error, and rulings on demurrer can not be considered.

2. *When action lies for money had and received.*—An action lies for money had and received, whenever the defendant has in his hands money belonging of right to the plaintiff, and privity of contract is not necessary to support it.

3. *Act of Congress (U. S. Rev. Stat., §§ 4532, 4534) regulating transfer of seamen's advance notes.*—The provisions of the act of Congress of June 7th, 1872, regulating the transfer of notes given for seamen's wages in advance (U. S. Rev. Stat., §§ 4532, 4534), have no application to seamen employed in foreign vessels.

4. *Estoppel against denying execution of note.*—When money is placed in the hands of a person to pay a note or draft at maturity, and he refuses to pay on demand by the holder, proof of the execution of the note is not necessary in an action against him, since he is estopped from denying its execution.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WM. E. CLARKE.

L. H. FAITH, for the appellant, cited *U. S. v. Kellum,* 19 Blatch. 372; *U. S. v. French,* 14 Phil. (Penn.) 497; 16 Fed. Rep. 657; 20 Fed. Rep. 520; 1 Brick. Dig. 140, §§ 72–3.

[Levinshon v. Edwards.]

DESHON & LAY, *contra*, cited Rev. Stat. U. S., §§ 4532–34.

CLOPTON, J.—The complaint, as amended, contained a special count, and the common count for money had and received. A demurrer was interposed to the special count, which was sustained. The parties proceeded to trial on the common count, and, in consequence of adverse rulings on the exclusion of evidence, the plaintiff suffered a non-suit, taking a bill of exceptions. In this condition of the record, our inquiry is restricted to the questions presented by the exclusion of evidence. In such case, the ruling on the demurrer to the complaint is not the proper subject of an assignment of error, and can not be considered.—*Rogers v. Jones*, 51 Ala. 353.

The claim of the plaintiff is founded on his title to four "seamen's advance notes," as they are denominated, which were given by the master of a Norwegian barque to seamen who had shipped on the vessel. The plaintiff having proved that the master had deposited with Chamberlain & Co., of which firm the defendant is the surviving partner, sufficient money with which to pay the notes, offered to prove that, ten days after the barque sailed from the port of Mobile, he presented the notes to Chamberlain & Co. for payment, which was refused; stating to the court, at the time of the offer, that he expected to prove that the firm knew the notes had been given by the master for the advance wages of the seamen. The plaintiff subsequently offered the notes in evidence, in connection with proof that he had purchased them from the seamen, paying the face value, and that each note was indorsed by the seaman to whom it was payable. The evidence was excluded, in each instance, on objection by the defendant, and exception duly reserved.

An action for money had and received is appropriate, whenever the defendant has money in his possession, which belongs of right to the plaintiff. Privity of contract is not necessary to support the count. Chamberlain & Co. having received money for the purpose of paying the notes, when payable, the law implies a promise to pay it to the person entitled to receive it,—to the plaintiff, if the rightful holder of the notes.—*Plan. & Mer. Ins. Co. v. Tunstal*, 72 Ala. 142.

It is insisted that the notes were not discounted, or indorsed, so as to transfer the title to the plaintiff. The contention is based on the requirements of sections 4532 and 4534 of the Revised Statutes of the United States; that no advance wages, or advance security, shall be given to any seaman, except in the presence of the shipping commissioner; and whenever any advance security is discounted, such seaman shall sign, or set his mark to a receipt, indorsed on the security, stating the sum

[Waugh v. Emerson.]

actually paid, or accounted for to him, by the person discounting the same. These sections constitute parts of an original act, passed June 7, 1872, entitled, "An act to authorize the appointment of shipping commissioners by the several Circuit Courts of the United States, to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for the further protection of seamen." By the terms of the title, and of several of the sections of the act, its provisions are limited to seamen engaged in merchant ships belonging to the United States. However broad may be the language of separate sections, when all are construed together, it is apparent that the act was not intended to regulate the engagements of seamen employed on foreign vessels. *United States v. Kellum,* 19 Blatch. 372. The evidence offered is admissible, to show that the plaintiff acquired the notes by purchase and indorsement, and was, *ex æquo et bono,* entitled to the money in the possession of the defendant, who had refused to pay it on presentation of the notes and demand. It is true, there was no offer to prove execution by the master of the notes; but, if the defendant received money to pay them, knowing they had been given, no further proof of execution is necessary. He is estopped to deny their execution.

Reversed and remanded.