# Ellis *v.* Vandergrift, *et al.*

*Bill for Dissolution of Corporation and Relief Against Fraudulent Practice.*

(Decided May 11, 1911.　Rehearing denied June 8, 1911.
55 South. 781.)

1. *Equity; Pleading; Bill.*—Where the bill is by a shareholder in a corporation to dissolve the corporation and seeks relief against the alleged fraudulent conduct of the directors and officers, and seeks the disallowance of the claim assigned by the directors or officers to a respondent, with the alternate prayer that if such claim be found valid, it should be paid out of the assets of the corporation, then such respondent is not concerned with those phases of the bill relating to the dissolution of the corporation, and the fraud of the directors, unless the entire equity of the bill depends on the solution of those questions.

2. *Same; Demurrer; Office.*—The purpose of a demurrer in equity is to accelerate the decision of the complainant's right upon the confessed averments of his pleading, and a demurrant cannot obect to imperfections in the bill not related to the cause of action asserted against him.

3. *Same; Bill; Multifariousness.*—A party not prejudiced thereby cannot object to a bill on account of multifariousness.

[Ellis v. Vandergrift, et al.]

4. *Same; Bills; Multifariousness.*—Where the bill was by the minority stockholders seeking to dissolve a corporation and to relieve it from the effect of fraudulent acts of its directors and majority stockholders and also to have relief against a claim held by a respondent, alleged to have been created by the directors and assigned to him that he might file a petition in bankruptcy against the corporation, and also seeking reimbursement of the sums expended by the minority stockholders in resisting the bankruptcy petition, it was not multifariousness with respect to the respondent holding the alleged fraudulent claim, either because he was not interested in winding up the corporation, or that the necessary parties are different in the different phases of the bill, or that it sought reimbursement for the sums expended in resisting the petition in bankruptcy, as such relief was not sought against the respondent, but against others.

5. *Same.*—As it is not necessary that all the parties to a bill should have an interest in all the matters in controversy, it being sufficient that each respondent has an interest in some of the matters involved, and if they are connected with the others, a bill is not multifarious as to a respondent because he has no connection with a large part of the record, or that the same defense is not applicable to the different aspects, or that no common relief is sought as against him.

6. *Same; Pleading; Adoption of Demurrer.*—Where a respondent by most general terms adopts the grounds of demurrer of another respondent such adoption does not entitle him to rely upon the waiver of the bar of the statute of limitation which was set up in the demurrer adopted.

7. *Same; Jurisdiction; Disposal of Entire Matter.*—Where the jurisdiction of the court of equity has been properly invoked it will dispose of all the questions involved in the controversy and a respondent cannot object that some of these questions could have been adjudicated in an action at law.

8. *Appeal and Error; Objection Below; Necessity.*—An appellate court will not pass upon a ground of demurrer not presented in the lower court although argued in brief on appeal.

9. *Corporation; Stockholders; Suit on Behalf of Corporation.*—While a corporation is primarily entitled to sue to redress corporate wrongs, stockholders may sue for that purpose, where the corporation refuses to act, or where the litigation would be in the control of the wrong doers.

10. *Same; Conditions Precedent.*—A stockholder suing on behalf of a corporation to redress corporate wrongs need not make a demand or request of the corporate authorities to act where such a demand or request will be refused.

11. *Same.*—The facts made by the bill stated and examined and held to authorize suit by the minority stockholders on behalf of the corporation to redress corporate wrongs without demand or request of the corporate authorities to do so; also held that as against the appealing respondent the cause of action against him did not depend upon the dissolution of the corporation, and hence that he could not complain of any defects in the cause of action for the dissolution of the corporation.

[Ellis v. Vandergrift, et al.]

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by A. B. Vandergrift and others, minority stockholders in the Three Rivers Coal & Iron Company, against J. E. Ellis, the corporation and the corporate officers to dissolve the corporation, correct certain fraudulent acts and for other purposes. From a decree overruling his demurrer to the bill the respondent Ellis appeals. Affirmed.

BLACK & DAVIS, and BARNEY L. WHATLEY, for appellant. The court erred in overruling the first ground of demurrer to the bill.—*Bishop v. Bishop,* 13 Ala. 475; *McDonald v. Life Ins. Co.,* 56 Ala. 468; Sec. 3094, Code 1907. The bill was multifarious and that ground of demurrer should have been sustained.—*Gordon v. Ross,* 63 Ala. 364. The stockholder could not bring the bill against the corporation and its officers for the purposes sought.—*Tutwiler v. Tus. C. I. & L. Co.,* 89 Ala. 391; Cook on Corporations, 246; *Church v. Citizens R. R. Co.,* 78 Fed. 526. The bill seeks alternative and inconsistent relief.—*Bellview Cemetery Co. v. McEvers,* 53 South. 274. The bill is multifarious for misjoinder of parties.—*Adams v. Jones,* 68 Ala. 117; *A. G. S. v. Prouty,* 43 South. 354; *Bentley v. Barnes,* 47 South. 159. The bill is rendered multifarious by the further fact that no common relief is sought against the respondents.—*Am. R. Co. v. Linn,* 93 Ala. 610; *Siglan v. Smith,* 53 South. 260; *Henry v. Tenn. Live Stock Co.,* 50 South. 1029. The necessary parties are different in the different phases of the bill.—*Kennedy v. Kennedy,* 2 Ala. 609; *McIntosh v. Alexander,* 16 Ala. 87; *Nowlin v. McAfee,* 63 Ala. 364; *Bolman v. Lobman,* 74 Ala. 507; *McDonald v. Turnipseed,* 51 South. 758, and authorities supra.

TILLMAN, BRADLEY & MORROW, JOHN D. STRANGE, and WARD & RUDOLPH, for appellee. The bill contains equity: (a) Because of the breaches of the fiduciary obligations on the part of the directors.—*Legarde v. Anniston L. & S. Co.*, 126 Ala. 496; *Montgomery Traction Co. v. Harmon*, 140 Ala. 505; *Luther v. Luther Co.*, 99 Am. St. Rep. 977; *Pacific Vinegar Co. v. Smith* (Cal.), 104 Am. St. Rep. 42; 15 Cyc. 790. (b) Because the claims of the directors and officers were not legal liabilities against the company  Directors and officers serve without compensation in the absence of a prior agreement therefor  The payment of the claims were frauds against which equity will relieve.—*Branch Bank v. Collins*, 7 Ala. 95; *M. & K. C. R. R. v. Ownes*, 121 Ala. 505; *Jones v. Morrison*, 16 N. W. 854; *McConnell v. Com. M. & M. Co.*, 30 Mont. 239; 104 Am. St. Rep. 703; *Taussig v. St. L. etc. R. R.*, 166 Mo. 28; 89 Ab. St. Rep. 674; *Von Armin v. Am. Tube Works*, 188 Mass. 515; 74 N. E. 680; *St. L. R. R. v. O'Hara* (Ill.), 52 N. E. 734; Decennial Digest, Vol. 5, Sec. 308 of Corporations; Cook on Corporations, Sec. 657 and citations; Thompson on Corporations, Vol. 4, Sec. 4682; Thompson on Corporations, Vol. 7, Sec. 8504; 10 Cyc. 952; *Notley v. First State Bank* (Mich.), 118 N. W. 486; *Lowe v. Ring* (Wis.), 101 N. W. 699; *Fitzgerald Constr. Co. v. Fitzgerald*, 137 U. S. 98. (c) Because the issue of stock of the company in part payment of such claims was contrary to the constitution and laws of Alabama. —Constitution 1901, Sec. 234; Constitution 1875, Art. 14, Sec. 6; *American Ice & I. Co. v. Crane*, 142 Ala. 620; *Fitzpatrick v. Dispatch Co.*, 83 Ala. 607. (d) Because the issue of stock of the company in part payment of such claims was contrary to the articles of incorporation and by-laws of the company.—10 Cyc. p. 760. (e) Because the demands paid by stock and notes of the

company were unreasonable and excessive.—*Ala, C. & C. Co. v. Shackleford,* 127 Ala. 224; *Decatur M. L. Co. v. Palm,* 113 Ala. 531; *Donald v. Mfg. Ex. Co.,* 142 Ala. 578. (f) Because the demands paid by the stock and notes of the company were barred by the statutes of limitation at and before the time of payment.—Thompson on Corporations, Vol. 3, Sec. 4015; *Montgomery L. & P. Co. v. Lahey,* 121 Ala. 131. (g) Because the assignment to Drennen cannot be set aside except by a court of equity.—*Tillis v. Brown,* 154 Ala. 403; *Allen v. Montg. R. R. Co.,* 11 Ala. 437. (h) Because of the mass of fraud shown by the issuance of fictitious stock and the execution of the negotiable notes in payment of simulated claims, and the continued and repeated efforts of the guilty directors to perfect their frauds by a general assignment and by bankruptcy proceedings and by the suit in the circuit court, etc.—*Jefferson County v. Francis,* 115 Ala. 317; *Howard v. Corey,* 126 Ala. 283. (i) Because under the facts alleged, the complainants are entitled to a dissolution of the company. —*Noble v. Gadsden L. & I. Co.,* 133 Ala. 250; *Ross v. Am. Banana Co.,* 150 Ala. 268; *Central Land Co. v. Sullivan,* 152 Ala. 360; *Minona Portland Cement Co. v. Reese,* 52 South. 523. The complainants are entitled to an attorney's fee for their successful services in the bankruptcy cause.—*Cowdrey v. G. H. & H. R.,* 93 U. S. 352; *Trustees v. Grenough,* 105 U. S. 527; *McCourt v. Singers,* 145 Fed. at p. 114. The bill is not prolix. A complainant may aver additional cumulative facts if he so desires.—*Noble v. Moses Bros.,* 81 Ala. 530; *First National Bank v. Tyson,* 144 Ala. at p. 469. The bill is not multifarious.—Code 1907, Sec. 3095; *Montgomery I. Works v. Capitol C. Ins. Co.,* 137 Ala. 134; *Smith v. Smith,* 153 Ala. at p. 520.; *Northwestern L. Co. v. Grady,* 137 Ala. 219; *Bentley v. Barnes,* 155 Ala. at p. 663;

*Ex. Natl. Bank v. Stewart,* 158 Ala. 218; *Lebick v. Fort Payne Bank,* 121 Ala. 447; 16 Cyc. p. 239, et seq., and citations. An appeal to the stockholders or directors for redress was not required under the facts alleged.— *Tillis v. Brown,* 154 Ala. 403; *Montgomery Traction Co. v. Harmon,* 140 Ala. 505; *Minona Portland Cement Company v. Reese,* 52 South. 523.

McCLELLAN, J.—This appeal is prosecuted alone by J. E. Ellis, one of a number of defendants. His complaint here is that his separate demurrer (he was concerned in no other) to the bill was overruled.

The general purposes of the bill—stating them without effort at particularity—are dissolution of the Three Rivers Coal & Iron Company, a corporation, and relief against averred fraudulent conduct on the part of a majority of the directorate, and of some of the officers, and a majority of the shareholders, of the corporation.

The only relation J. E. Ellis appears from the bill to have to the subject-matter of the bill is that of a creditor—the holder, by assignment and transfer, of a note against the corporation. He is not shown to be a stockholder. His claim is traced, in particular averment, to S. A. Ellis, his transferror.

In formulating his demurrers, appellant appropriated the grounds of the demurrer interposed by C. B. Powell, another defendant. To these appellant added, in his demurrer, grounds addressed to those phases of the bill, wherefrom it is sought to invalidate his alleged claim against the corporation. While the amended bill assails the validity of his claim (note) against the corporation and invokes the powers of the court to annul his claim, yet it carries, also, the alternative in its prayer that, if the appellant's claim is found to be

valid, it be paid out of the assets of the corporation—
an entity unequivocally alleged to be solvent in any
event.

In this state of averment—of limited relation of
appellant to the subject-matter of controversy—he is
not concerned with those phases of the amended bill
which relate to the establishment vel non of the invalid-
ity of stock issued to others described therein, or with
the approval vel non of other (than his) claims or
charges against the corporation. Nor can his rights be
affected in any degree by the inquiry whether the disso-
lution of the corporation should be effected, since in
any event his claim is assured of payment, unless the
equity of the bill as amended depends wholly upon the
solution of that question.

Only a party who is prejudiced thereby can avail of
the objection of multifariousness.—16 Cyc. p. 263; 14
Ency. Pl. & Pr. pp. 212-213; *Stone v. Knickerbocker
Ins. Co.,* 52 Ala. 589.

The office of demurrer in equity is to accelerate the
decision of the complainant's right, upon the confessed
averments of his pleading, to maintain the bill as
against the demurrant. If the phases of a bill to which
the demurrant objects as defective cannot affect any in-
terest or right the demurrant is impleaded to defend, he
will suffer no prejudice by the retention of the bill, hav-
ing equity notwithstanding. He cannot invoke his ex-
oneration because of imperfections, not related to the
cause or right of action, asserted against him. In
short, he must be prejudiced by the defect; else he is
unharmed and unconcerned.

Does the equity of the bill depend wholly upon the
dissolution vel non of the corporation: We think not.
We think its equity, so far as to conclude against appel-
lant's demurrer in this regard, may be rested upon that

phase of the bill whereby fraudulent conduct on the part of those before mentioned is particularly and sufficiently charged. Out of this conduct came, according to the bill, the claim (note) now held by appellant.

From the allegations of the amended bill, these general conclusions, avoiding unnecessary reiteration of the detailed averments thereof, must be deduced; that a majority of the stockholders and a majority of the directorate, together with some, if not all, of the officers of the corporations entered upon a scheme to wrongfully increase the capital stock of the corporation, to wrongfully create, in their personal behalf, liabilities against the corporation, to dissolve and wind up the corporation by means of a general assignment by them to a trustee of their own selection, and to have the corporation adjudged an involuntary bankrupt, when it in fact was entirely solvent. The phase of the conspiracy to wreck the corporation, charged by the bill, with which appellant is, by averment, connected thus appears: S. A. Ellis, from the year 1887 (the year the corporation was organized) until the year 1907, was at times secretary, president, and secretary and treasurer of the corporation. July 10, 1907, he presented an account for services in these respective capacities to the corporation. Therein he also included items for taxes paid by him on the corporate property for 20 years; for special and extraordinary services under the resolutions of a specified date; and for advertising meetings, and interest thereon. The aggregate of the whole account was $4,003. The aggregate of the items last described was $903. The directorate, of which he was one, allowed his account in toto. At this meeting accounts of other directors and officers for services were allowed, though in each instance the alleged creditor of the corporation did not, as the minutes show, vote upon

the allowance of his particular claim. The account allowed to S. A. Ellis was ordered paid, half in stock issued at par, and half in a note maturing in 30 days. This was accepted by S. A. Ellis. On August 10, 1907, the bill alleges S. A. Ellis assigned this note for $2,001.50 to his son (appellant). It is further alleged that the purpose and scheme in so assigning the note was to arm appellant to invoke the United States District Court's power to adjudicate the corporation an involuntary bankrupt; the general assignment before mentioned having been that day executed.

It is further alleged that the transfer and assignment was without consideration; that appellant "at said time had notice that these complainants and other stockholders denied that said corporation justly owed the debt for which the note was given, and that they had filed said former bill in this court for the purpose, among other things, to prevent the payment of said alleged debt, and he had notice at said time of the rights and equities of said corporation and these complainants as against the payment of the same."

"Orators aver that the transfer of said note, the adoption of said resolution, and the execution of said assignment were parts and parcel of a conspiracy on the part of said members of said board of directors, and said persons whose said claims had been allowed, to defraud orators and other stockholders of said corporation, not members of said conspiracy, by having said claims alleged to be due satisfied from the assets of said corporation, as a bankrupt, and thereby defraud its remaining stockholders; that it was the purpose of said persons, in furtherance of said conspiracy and their efforts to wreck said corporation, to deprive this court of jurisdiction of this cause, to have said bankruptcy cause instituted by a pretended innocent creditor, so

[Ellis v. Vandergrift, et al.]

that the defense of said bankruptcy proceedings could be undertaken and controlled by said majority of said board of directors, to the end that said fictitious and invalid claims might be allowed as legal and subsisting debts against said corporation in said bankruptcy proceedings, and there paid out of the assets of said corporation, and that further counsel fees incurred by said persons holding said claims and said members of the board of directors, since the last meeting of said board, for services in their additional efforts to wreck said corporation, might be worked in as additional debts against said corporation, and then and there allowed and ordered paid. Orators further aver that in further pursuance of said conspiracy said majority of said board of directors authoried the said C. B. Powell, as attorney for said corporation, to file an answer to said petition in bankruptcy, admitting its allegations, which was done."

The bankruptcy proceeding having been dismissed by the United States court, appellant instituted his action at law to enforce the payment of the note. It is averred that the governing body of the corporation and its officers took no steps to defend against the action, until the time had about arrived when judgment by default could be taken. The bill was amended, setting forth the facts indicated, whereupon the further prosecution of that action was restrained.

Primarily only the corporation may seek relief from or redress for corporate wrongs. This rule has, however, found exception in those cases, among others perhaps, where the corporation actually or virtually refuses to institute or prosecute such a suit, or where the wrongdoers themselves would be in control of the litigation necessary to enforce or protect corporate rights. —*Montgomery Traction Co. v. Harmon,* 140 Ala. 505,

37 South. 371; *Tillis v. Brown,* 154 Ala. 403, 45 South. 589. No demand or request of the corporate authorities is required to be made, as a condition to suit by the stockholder, where it can be inferred with reasonable certainty that it would be refused, actually or virtually, or where, being the wrongdoers, a majority of the governing body would control the litigation so requested or demanded.—Author. supra. The acts and conditions shown in the amended bill leave no sort of doubt of the right of complainants to maintain this bill on the theory we have indicated. Whether the bill is maintainable upon the theory that dissolution of the corporation should be effected is not decided, since, as we view the record, that question is not presented by one necessarily entitled to contest it.

Coming down more particularly to the grounds of demurrer interposed by appellant, it is insisted, first, that the remedy at law was adequate and complete to determine in the action then pending the validity of the appellant's claim. It will suffice to say in response to this contention that equity, having been warrantably invoked, upon the theory indicated, to redress corporate wrongs, was in duty bound to draw within its jurisdiction every phase of the controversy involved in the wrongs charged in the amended bill. Under the charges of the amended bill, it is evident that the claim asserted by appellant was one of the immediate products of the wrongs charged therein.

It is next insisted that the bill is multifarious. Numerous grounds for this contention are stated in brief for appellant. The chief ground urged is that the amended bill seeks reimbursement of complainants for sums expended by them in resisting the petition to have the corporation adjudicated a bankrupt.

[Ellis v. Vandergrift, et al.]

In *Bentley v. Barnes,* 155 Ala. 659, 47 South. 159, Simpson, J., writing for the court, many of our previous decisions dealing with multfariousness were reviewed. It is not every defendant who can complain of bills to which he is a party on that ground. In *Stone v. Knickerbocker Insurance Co.,* 52 Ala. 589, Stone and others, creditors of Drake, deceased, filed the bill to subject the proceeds of insurance policies on Drake's life to the satisfaction of their demands. Drake was insolvent. The insurance companies and Sheppard, a son-in-law of Drake, were among the parties defendant. They demurred to the bill for multifariousess, in that the bill should not, as was done, have sought to subject the proceeds of both policies, written by separate companies, in *one* suit. What right or interest Sheppard had in the subject-matter was not shown by the bill. Notwithstanding, the lower court was held to have erred in sustaining the demurrer of Sheppard. Speaking to multifariousness in general, the court said (Brickell, C. J., writing) "that a bill is not multifarious which unites several matters distinct in themselves, but which together make up the complainant's equity and are necessary to complete relief." But to the point in mind it was said, as to Sheppard's demurrer: "The bill may be multifarious as to one or more defendants, without being so as to others. When such a case is presented, the objection can only be taken by the defendants who are *affected by it,* on the same principle that a misjoinder of defendants is available only to the parties improperly joined." (Italics supplied.)

This appellant is within this doctrine as to the feature of the bill seeking reimbursement as stated. In no event could he be concerned in the allowance of this claim for reimbursement. It does not appear that the payment of his note, if found a valid charge against the

corporation, will be in any wise affected by an allowance of the claim for reimbursement. He is without interest in the corporation, except as an alleged creditor. A finding favorable or unfavorable to that claim can in no event affect his rights in the premises. Those interested in the corporation, and the corporation itself, are affected by the plea for reimbursement, and these have the right to raise the inquiry whether that feature of the bill renders it multifarious.

It is further insisted that the bill is multifarious because (a) appellant has no connection with a large part of the record; (b) the same defense is not applicable to the different aspects; (c) no common relief is claimed against defendant; (d) he is not interested in winding up the corporation; and (e) the necessary parties are different in the different phases of the bill. What has been said before disposes of the contentions we have lettered "d" and "e."

The others are not predicated upon accepted tests of multifariousness. There are doubtless expressions in the decisions some of which are noted in appellant's brief suggesting the lettered grounds as supporting the conclusion that the bill under review was multifarious. While this is true, it is evident that these expressions were but reinforcing *reasons* for the conclusions attained upon the status of averment presented in each, rather than—instead of—the announcement of a substantive proposition of pertinent law controlling the inquiry of multifariousness vel non. Such appears to have been the case in *Tutwiler v. Tuscaloosa Coal Company*, 98 Ala. 391, 7 South. 398, and *A. R. & C. Co. v. Linn*, 93 Ala. 610, 7 South. 191. In each of these cases there was no legitimate connection or relation between distinct matters which, when blended, went to constitute the complainant's equity, to effectuate complete

relief in respect of which the distinct matters shown were necessary to be brought before the court. Other of the decisions noted in brief for appellant on this point fall within the same category. The effect of the rule against multifariousness is to forbid the inclusion in one bill of distinct, disconnected, independent, matters—matters that do not contribute to a single equity the complainant would enforce.

If the three first lettered contentions of appellant were sustained this undoubtedly sound and pertinent observation, by Brickell, C. J., in *Truss v. Miller,* 116 Ala. 494, 505, 22 South. 863, would be departed from: "When, as in the present case, the objection in that distinct and unconnected matters are joined against several defendants, it is not necessary that all the parties should have an interest in all the matters of controversy; it is sufficient if each defendant has an interest in some of the matters involved, and they are connected with the others."

Upon general principles, without recourse to the provisions of Code 1907, § 3095, the opinion is entertained that the bill is not multifarious on any ground available to this appellant.

We find no ground of appellant's demurrer definitely taking the objection that the bar of the statute of limitations, against the claim to which appellant is alleged to have succeeded, was waived by the directorate of the corporation. Doubtless the demurrant conceived that the demurrer of Powell took the point. If it did so, as to the claims asserted by him, the adoption, by most general terms, of the grounds of his demurrer was not sufficient to point appellant's demurrer on that score.

After a careful review of the whole amended bill, we cannot approve appellant's insistences that the amended bill is prolix; that it is indefinite in its averments of

improper conduct; that the appellant's connection with the wrongful scheme and conduct charged is not sufficiently, denitely, averred in the amended bill; or that the essential allegations to give the bill equity in the aspects with which appellant is concerned are but conclusions of the pleader. The bill is ample in averments of fact.

The contention of curative ratification by the directorate or of laches by the complainants, under the averments of the amended bill, cannot prevail.—*Montgomery Light Co. v. Lahey,* 121 Ala. 131, 25 South. 1006.

We find no ground of appellant's demurrer assailing that feature of the amended bill, whereby the claim of appellant (assigned by S. A. Ellis to him) is asserted to be invalid, under the doctrine that corporate officers are presumed to serve without pay, unless a previous agreement is made or the circumstances reasonably invite the conclusion that compensation was contemplated. Not being raised, we cannot treat the question ably discussed in brief of the respective solicitors.

No error appearing in overruling appellant's demurrer, the decree in that particular is affirmed.

Affirmed.

SIMPSON, SOMERVILLE, and MAYFIELD, JJ., concur.