(93 South. 416)

## ALLEN v. M. MENDELSOHN & SON.
### (6 Div. 632.)

(Supreme Court of Alabama. April 27, 1922. Rehearing Denied May 18, 1922.)

**1. Assumpsit, action of ⬌1—Favored action of equitable character.**

Assumpsit is an action of an equitable character, liberal in form, and greatly favored by the courts as a remedy.

**2. Assumpsit, action of ⬌7—Money received ⬌5—Neither agreement nor privity in fact between parties necessary.**

In assumpsit no agreement is necessary, but the remedy will lie wherever the circumstances imply a promise; nor is privity in fact between the parties necessary; and where one man has money which ex equo et bono belongs to another, the person entitled thereto may recover it, although he knows nothing of the party who has the right; the law itself creating the privity and the promise.

**3. Money received ⬌1—Defendant must have money or equivalent belonging of right to plaintiff.**

In order that assumpsit may lie, defendant must have money or its equivalent in his possession which belongs of right to the plaintiff.

**4. Money received ⬌9—Defendants held not entitled to deny plaintiff's ownership of check with forged indorsement.**

Where a check intended as payment for plaintiff's services was stolen or fraudulently procured by a third party, and given to defendants in payment for merchandise, and plaintiff brought assumpsit, defendants could not deny plaintiff's ownership of the check, their intermeddling, however innocent, being the cause of plaintiff's failure to receive it, and they were liable to plaintiff.

**5. Money received ⬌9—Action held to lie for face of check cashed by imposter who forged indorsement.**

Where a check intended as payment for plaintiff's services fell into the hands of an imposter, who indorsed it and passed it on defendants in payment for merchandise, it was defendants' duty on demand to pay the money over to plaintiff, and, on refusal to so do assumpsit would lie for its recovery.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action in assumpsit by Maurice Allen against M. Mendelsohn & Son. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

William Henry Beatty, Jr., of Birmingham, for appellant.

No title passed to defendants by forged indorsement. 2 Parsons on Bills and Notes, 284; Norton on Bills and Notes, 341. Payee of check, whose indorsement has been forged, may recover from indorsee to whom check was paid. 174 Ill. 571, 51 N. E. 602, 43 L. R. A. 654, 66 Am. St. Rep. 319; 8 C. J. 336, 763. Action for money had and received appropriate in this case. 8 Port. 333; 14 Ala. 263; 13 Ala. 424; 30 Ala. 471; 192 Ala. 60, 68 South. 363; 82 Ala. 557, 2 South. 457; 127 Ala. 279, 28 South. 476.

Leader & Ullman and David R. Solomon, all of Birmingham, for appellee.

Plaintiff must recover on the strength of his own right, not on the weakness of defendants' title. 65 Ala. 232; 27 Cyc. 882. Without delivery to him or his agent, plaintiff has neither right nor title to check or its proceeds. 8 C. J. 203; L. R. A. 1917E, 351; 7 Ala. 308; 124 Md. 92, 91 Atl. 779. Plaintiff cannot ratify delivery to imposter and take thereunder. 18 Ala. 269; 2 C. J. 474. Money had and received will not lie under the facts in this case. 39 Ill. App. 503; 127 Mass. 22; 65 Ala. 232; 7 Ala. 308; 27 Cyc. 868.

SAYRE, J. The Illinois Central Railroad Company in its office in Chicago prepared a check on a bank in St. Louis, payable to appellant, and forwarded it to its disbursing agent at Birmingham to be delivered to appellant in payment for services performed by him for the company. In some way unknown to the company or its employé, appellant, but probably by larceny or fraudulent impersonation of the payee, plaintiff, the check fell into the hands of a stranger, an imposter, who forged appellant's indorsement, and passed the check to appellees in payment for merchandise. Appellees collected the money from the bank in St. Louis, and appellant sued appellees in common assumpsit for money had and received. The trial court gave judgment for defendants, after which this appeal.

Reason why the judgment should be sustained is expressed in several forms, but may be fairly stated as follows: Without delivery of the check to appellant or his agent, appellant acquired no title, and cannot maintain his action.

[1-3] Assumpsit is an action of an equitable character, liberal in form, and greatly favored by the courts as a remedy. Westmoreland v. Davis, 1 Ala. 299. No agreement is necessary; assumpsit will lie wherever the circumstances are such that the law, ex debito justitiæ, will imply a promise. Nor is any privity in fact between the parties necessary. Where one man has money which ex equo et bono belongs to another, if there be no contract modifying the general liability, the person entitled to the money may recover it in an action for money had and received, and this although he knows nothing of the party who has the right; the law itself creates the privity and the promise. Hitchcock v. Lukens, 8 Port. 333. This is the settled law of this state. Farmers' Bank v. Shut,

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

192 Ala. 53, 68 South. 363. But the defendant must have money, or its equivalent (192 Ala. 53, 68 South. 363), in his possession which belongs of right to the plaintiff (Levinshon v. Edwards, 79 Ala. 293). It is not denied that a forged indorsement passes no title; but plaintiff must recover on the strength of his own title. To repeat, the question, then, is whether plaintiff had any legal right to the check or its proceeds. Steiner Bros. v. Clisby, 103 Ala. 181, 15 South. 612. The foregoing are statements of the familiar law of this jurisdiction; they are reiterated here on account of some discord in the briefs.

[4] It remains to determine whether the fact that the check failed to reach the hands of plaintiff is fatal to his recovery. In the circumstances stated, it may be thought hard that defendants, if they were duly cautious, should be liable at all; but on the law and the facts heretofore recited, it is entirely clear that defendants had no property in the check, have none in the proceeds, and are liable to be sued by somebody for the money which they have received. Moreover, if plaintiff is allowed to recover from defendants, his election will put an end to the matter, for the drawer of the check intended it for plaintiff, and defendants, however innocently, received the money as upon plaintiff's indorsement, and, but for their intermeddling, however innocently, it would have reached plaintiff. Therefore defendants do not appear to be in a position to deny plaintiff's ownership. Shaffer v. McKee, 19 Ohio St. 526, is a case in point. There a draft payable to plaintiff's order, and mailed to him, was stolen en route, and the thief, having forged plaintiff's indorsement, sold the draft to the defendant, who in good faith collected the money from the drawee, and appropriated it to his own use. Upon these facts it was held that plaintiff was entitled to recover. Farmer v. People's Bank, 100 Tenn. 187, 47 S. W. 234, also, is squarely in point.

Appellee cites Crawford v. Barkley, 18 Ala. 270, to the proposition that "appellant cannot ratify the delivery to the imposter, and take under that." That case holds only that the principal cannot of his own mere authority ratify a transaction in part and repudiate it as to the rest. We see no inconsistency. Plaintiff adopts the act of defendants in collecting the money, but denies defendants' title. A similar contention was decided against appellee in Bobbett v. Pinkett, 1 Exch. Div. 368. In Bank v. Sydnor, 7 Ala. 308, cited by appellee, the ruling was that an agent cannot sue unless there was an express promise to him as such, or unless he has an interest in the subject-matter of the suit. No such question arises in this case.

We do not doubt that the drawee may not maintain a suit against the drawer without showing a delivery by the latter to the former with intent to pass title. Appellee cites authorities to that effect. They prove nothing in this case. At this point appellee sticks too closely to the check or draft; we consider the question of liability for the money that appellee got from appellant or its agent the St. Louis bank.

Town of Rushville v. President, etc., of Rushville, 39 Ill. App. 503, cited by appellee, may be discriminated from the case at bar. In that case no wrong, other than the acceptance of money paid by mutual mistake, could be attributed to defendant in the receipt of the money in suit. The court denied plaintiff's claim on the ground that there was no privity. 4 Cyc. 322; 5 C. J. 1382. We have stated the law of this state on that subject.

[5] Our best judgment is that it was the duty of defendants upon demand—sufficiently shown by this action—to pay the money over to plaintiff, and therefore that common assumpsit will lie for its recovery.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.