(105 So. 207)

**BAGGETT MERCANTILE CO. et al. v. VICKERY. (3 Div. 656.)**

(Supreme Court of Alabama. June 25, 1925.)

**1. Equity** ⊜⟹229—**Demurrer to bill of complaint may be incorporated in answer at any time before final decree.**

Demurrer to bill of complaint may be incorporated in answer at any time before final decree, though no demurrer was originally filed or incorporated, in view of Code 1923, §§ 6547, 6558.

**2. Cancellation of instruments** ⊜⟹37(1) — **Bill for cancellation of deed for fraud must ordinarily show that complainant is in possession of land.**

Bill for cancellation of deed, charging such fraud in procurement of its execution as would render it void in a court of law, must ordinarily show that complainant is in possession of land when suit is filed.

**3. Cancellation of instruments** ⊜⟹37(1)—**Bill for cancellation of deed held not demurrable for failure to allege that complainant was in possession of land.**

Bill for cancellation of deed for fraud held not demurrable for failure to allege that complainant was in possession of land claimed when suit was filed, where as to part of land she had an estate in remainder only with no right of present possession.

**4. Equity** ⊜⟹39(2)—**Equity will retain jurisdiction to give full relief, whether legal or equitable.**

A court of equity obtaining jurisdiction for equitable purposes will retain it to give full relief, whether legal or equitable, as to all purposes relating to subject-matter of bill, even though some of them would, not standing alone, have been proper subjects for equitable interposition.

**5. Cancellation of instruments** ⊜⟹37(4)—**Complainant in bill for cancellation of deed must offer to do equity by restoring what has been received.**

When bill for cancellation of deed shows that complainant or person in whose shoes he stands received a valuable consideration for execution of the deed, it must offer to do equity by restoring what has been received.

**6. Cancellation of instruments** ⊜⟹37(4)—**Bill not demurrable for complainant's failure to offer to do equity by restoring what had been received.**

Bill for cancellation of deed held not demurrable for failure of complainant to offer to do equity by restoring what had been received, where it alleged that deed was procured by bald deception; grantors intending to execute a mere lease on the land.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

Bill in equity by Fannie Vickery against the Baggett Mercantile Company and others. Decree for complainant, and respondents appeal. Affirmed.

The bill is filed by Fannie Vickery against Mrs. W. A. Baggett, the Baggett Mercantile Company, Margaret McPherson, and Lucile Kuykendall. It alleges that John T. McPherson died seised and possessed of certain real estate, which by will he devised in part to his widow, Margaret McPherson, a life estate, with remainder over to complainant, and in other part to complainant in fee simple; that after his death there was recorded a deed purporting to have been executed by John T. McPherson and wife to Mrs. W. A. Baggett, conveying lands embracing in part that devised to complainant and, in part that devised for life to Margaret McPherson, and also land conveyed by John T. McPherson and Margaret McPherson to Lucile Kuykendall; and that there was also recorded after the death of John T. McPherson a deed executed by Mrs. W. A. Baggett and husband to the Baggett Mercantile Company, conveying

a part of the lands described in the deed to Mrs. Baggett.

It is further averred that at the time of the purported conveyance to Mrs. Baggett the grantors were very old and were almost illiterate; that W. A. Baggett was the son of Margaret McPherson, and the stepson of John T. McPherson; that said Baggett for a long time assisted John T. McPherson in the management of his affairs, and was trusted and relied upon by McPherson; that the McPhersons never knowingly executed the deed to Mrs. Baggett; that if it was in fact executed it was on account of fraud or misrepresentation on the part of W. A. Baggett, and without knowledge that it was what upon its face it purported to be. It is further alleged that up to the time of his death John T. McPherson treated the lands involved as his own, with full knowledge on the part of W. A. Baggett and his wife and without objection on their part, and that said Baggett and wife made no pretense of claim until after the death of McPherson.

It is prayed that the deed from John T. and Margaret McPherson to Mrs. W. A. Baggett and the deed from Mrs. W. A. Baggett and husband to the Baggett Mercantile Company be canceled and annulled.

Respondents Margaret McPherson, Mrs. W. A. Baggett, and the Baggett Mercantile Company answered, and constituted the answer a cross-bill on behalf of Margaret McPherson. Thereafter these respondents amended their answer by incorporating therein demurrer to the original bill.

The trial court overruled demurrer to the original bill, decreed the relief prayed by the complainant, and denied relief under the cross-bill. The respondents Baggett Mercantile Company and Mrs. W. A. Baggett appeal.

Lane & Lane, of Greenville, for appellants.

It is no objection to a proposed amendment that it is in the nature of a demurrer. Shaw v. Lindsey, 60 Ala. 344; Ruse v. Bromberg, 88 Ala. 619, 7 So. 384; Harland v. Person, 93 Ala. 273, 9 So. 379. To maintain a bill of this character, the complainant must be in actual possession of the lands; and the bill, to be sufficient, must aver that fact. Thorington v. City Council, 82 Ala. 595, 2 So. 513; Galloway v. Hendon, 131 Ala. 280, 31 So. 603; Harris v. Jones, 188 Ala. 633, 65 So. 956; Belcher v. Scruggs, 125 Ala. 336, 27 So. 839. Complainant must offer to do equity by offering to return whatever is received on a fraudulent conveyance. McLeod v. McLeod, 137 Ala. 267, 34 So. 228.

Powell & Hamilton, of Greenville, for appellee.

The filing of a plea or answer destroys the right to put in a demurrer. 10 R. C. L. 474; Kansas v. Colorado, 185 U. S. 125, 22 S. Ct. 552, 46 L. Ed. 838; Virginia v. West Virginia, 206 U. S. 290, 27 S. Ct. 732, 51 L. Ed. 1068. It was not incumbent upon the complainant to offer to do equity. King v. Livingston Mfg. Co., 192 Ala. 274, 68 So. 897; Morgan v. Gaiter, 202 Ala. 495, 80 So. 876. The averments of the bill sufficiently show possession.

SOMERVILLE, J. [1] Demurrer to a bill of complaint may be incorporated in the answer at any time before final decree, though no demurrer was originally filed or incorporated. Shaw v. Lindsey, 60 Ala. 344; Harland v. Person, 93 Ala. 273, 9 So. 379; sections 6547, 6558, Code 1923. The grounds of demurrer to the bill in this case must therefore be considered on their merits, so far as they are insisted upon.

The three grounds insisted upon are: The want of equity in the bill; the failure of the bill to show that complainant was in possession of the lands when the suit was filed; and the failure of complainant to offer to do equity by repaying to the respondent Mrs. W. A. Baggett, or the respondent Baggett Mercantile Company, the consideration recited in the deed sought to be canceled, or whatever sum of money was paid to complainant's father in that behalf. As here presented, the last two grounds comprehend the first, the alleged want of equity depending upon the deficiency of the bill in its allegation of possession, and in its offer to do equity.

[2-4] That such a bill as this, charging such fraud in the procurement of the execution of the deed as would render it void in a court of law, must ordinarily show that the complainant is in possession of the land when the suit is filed, is of course elementary law. But, conceding the failure of the bill in this case to sufficiently so allege, if complainant's estate were one merely of present seisin, yet since, as to part of the lands she had an estate in remainder only, with no right of present possession, her equity is complete as to those lands without alleging possession. Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am. St. Rep. 73; Fies v. Rosser, 162 Ala. 504, 50 So. 287, 136 Am. St. Rep. 57; Winters v. Powell, 180 Ala. 425, 61 So. 96. The fraudulent procurement of the deed was a single transaction; and when a court of equity obtains jurisdiction for equitable purposes, it will retain it to give full relief, whether legal or equitable, as to all purposes relating to the subject-matter of the bill, even though some of them would not, standing alone, have been proper subjects for equitable interposition. Hause v. Hause, 57 Ala. 262; Ware v. Russell, 70 Ala. 174, 45 Am. Rep. 82; Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 So. 196; Ellis v. Vandegrift, 173 Ala. 142, 55 So. 781. This ground of demurrer was therefore not well taken.

[5, 6] When the bill shows that the complainant, or the person in whose shoes he stands, received a valuable consideration for the execution of the deed, it must offer to do equity by restoring what has been received.

McLeod v. McLeod, 137 Ala. 267, 270, 34 So. 228. But the bill here shows that the deed in question was procured by a bald deception, the grantors intending to execute, and in equitable effect executing, a mere lease on the land, for which it does not appear that there was any consideration which, in equity, the lessor or this complainant is bound to restore. We think that the bill was not subject to demurrer for the omission complained of.

The evidence in the case is quite voluminous. We have closely examined the testimony of the witnesses, and have carefully considered its various features and phases in the light of the arguments of counsel. There are contradictions and inconsistencies that cannot be reconciled, and we would like to review them in detail for the satisfaction of counsel. We must be content, however, to simply say that, notwithstanding the array of testimony tending to support the claim of respondents, the whole evidence has fixed in our minds the clear conviction that the deed purporting to have been duly executed by complainant's father and mother to Mrs. W. A. Baggett, was in fact procured by misrepresentations on the part of W. A. Baggett which must invalidate the deed.

Our conclusion is that the decree of the circuit court in equity is correct and should be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.