(134 So. 621)

### FIRST NAT. BANK OF LA PINE v. BRADLEY.

#### 4 Div. 556.

Supreme Court of Alabama.

May 14, 1931.

W. H. Stoddard, of Luverne, for appellant.

Powell & Hamilton, of Greenville, for appellee.

THOMAS, J.

The appeal is from a decree overruling demurrers to the bill for discovery and accounting. And interrogatories were propounded to respondent. The grounds of demurrer challenged the bill for that it discloses that complainant has an adequate remedy at law. Such is not the effect of its allegations and discovery sought.

The facts averred show that large sums of money had been collected on the collaterals pledged with respondent, and that complainant was without knowledge of the amounts collected, did not know how the same had been applied, and was entitled to an accounting and discovery. Complainant submits herself to jurisdiction of the court and offers to do equity. This was sufficient when such fiduciary relation is shown, or that the accounts are complicated. Hall v. McKeller, 155 Ala. 508, 46 So. 460; Hicks v. Dowdy, 202 Ala. 535, 81 So. 37; Julian v. Woolbert, 202 Ala. 530, 532, 81 So. 32.

The bill shows fiduciary relation, complication of account, and the necessity for a discovery of matters peculiarly within the knowledge of respondent. Any one of these was sufficient to give the court jurisdiction. Lindsey Lumber Co. v. Mason, 165 Ala. 195, 51 So. 750. Where a court of equity rightfully obtains jurisdiction for equitable purposes, it will retain the same for such purposes and give full relief, whether legal or equitable, as

to all purposes relating to the subject-matter of the bill, even though some of them alone would not have been subjects of equitable interposition. Baggett Mercantile Co. v. Vickery, 213 Ala. 427, 105 So. 207; Hause v. Hause, 57 Ala. 262; Ware v. Russell, 70 Ala. 174, 45 Am. Rep. 82; Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 So. 196; Ellis v. Vandergrift, 173 Ala. 142, 55 So. 781.

There was no error by the trial court in overruling the demurrer to the bill.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.