74 So.2d 254

**MONTGOMERY v. MONTGOMERY.**

6 Div. 678.

Supreme Court of Alabama.

June 17, 1954.

Rehearing Denied Aug. 30, 1954.

Kelvie Appelbaum and Victor H. Smith, Birmingham, for appellant.

Earl McBee and George D. Finley, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from an interlocutory decree overruling demurrer to a substitute bill, hereinafter referred to as the bill. The complainant is Hattie Pearl Montgomery, a non compos mentis, suing by her guardian, and the respondents are Elaine M. Montgomery, who is sued individually and as administratrix of the estate of William T. Montgomery, deceased, and Gennie Taylor, the sole surviving heir of Henry T. Montgomery, deceased, who was a brother of said William T. Montgomery. Gennie Taylor does not join in this appeal.

The bill avers that Hattie Pearl Montgomery is the legal widow and the sole surviving heir at law of said William T. Montgomery, who died May 25, 1951, in Jefferson County, and that the respondent Elaine M. Montgomery is falsely claiming to be his widow. It alleges that Hattie Pearl Montgomery was married to William T. Montgomery on December 26, 1928, and that they lived together until August 12, 1934, at which time William T. Montgomery assaulted and beat her over the head with the heel of a shoe or other hard instrument and so injured her skull and brain that she became insane and has since been continuously insane, and that he took her to her mother, where she has since remained except for certain times that she has been in the asylum for the insane.

It is alleged that William T. Montgomery fraudulently obtained a divorce from Hattie Pearl on August 6, 1936, in the Tenth Judicial Circuit, and that he perpetrated a fraud upon the complainant and the court and fraudulently invoked the jurisdiction of the court in that:

"(1) He falsely averred that said Hattie Pearl had voluntarily abandoned him and obtained a divorce from her on said ground when, in fact, he assaulted and beat and injured her and took her to her mother as aforesaid: (2) He falsely and fraudulently executed or caused to be executed an affidavit that she was a non-resident of the State of Alabama and that he did not know her place of residence, in order to procure, and he did obtain, constructive or publication service upon her when, in fact, he knew where she was because he had himself taken her to her mother in Robinwood, Jef-

ferson County, Alabama, where she has resided and has remained and lived continuously except at intervals when she has been in the insane asylum, so that he knew her whereabouts or could easily have ascertained the same at all times said divorce suit was pending; (3) he did not make her mental condition known to the Court and no guardian represented her in said divorce suit, nor was any guardian ad litem appointed to represent her."

Copies of the proceedings in the divorce cause are attached to and made exhibits to the bill.

The bill alleges that letters of administration on the estate of William T. Montgomery were issued to Elaine M. Montgomery on May 31, 1951. It alleges that the estate consists of real property in Jefferson County and possibly Colbert County and that there was a bank account and certain other personal property and that said Elaine M. Montgomery has been using the property or collecting rents therefrom and that she falsely represented herself to the Railroad Retirement Board as being the legal widow of William T. Montgomery and received from the board benefits in the amount of $2,500.

Complainant prayed that the divorce rendered in favor of William T. Montgomery be vacated and annulled and that Hattie Pearl Montgomery be declared to be the legal widow, sole heir and distributee of his estate; that her homestead exemptions and dower rights be declared and awarded to her; that a decree be rendered against the appellant for the amount received by her from the Railroad Retirement Board and that appellant be required to account for rents and other moneys received by her and that a decree be rendered against her for the same.

The seven assignments of error are that the court erred in overruling appellant's demurrers (1) to the bill as a whole; (2) to that part which sought to have the divorce decree rendered against Hattie Pearl Montgomery annulled; (3) to that part which sought to have her declared to be the legal widow of William T. Montgomery; (4) to that part which sought to have her declared to be the sole heir and distributee of the estate of William T. Montgomery; (5) to that part which sought to have dower, personal exemptions and homestead exemptions set aside to the appellee; (6) to that part which sought a judgment or decree in favor of the appellee against the appellant and for all sums received by appellant from the Railroad Retirement Board based on her claim as the widow of William T. Montgomery, deceased, and (7) to that part which sought to require appellant to account and for a decree to be rendered against her for any rent or other moneys received by her for use and occupation or the rental value of any real estate used and occupied by her.

■ The primary purpose of the bill is that the divorce decree be vacated and annulled and that complainant be declared to be the legal widow of William T. Montgomery and the sole heir at law and distributee of his estate. The mere fact that incidental relief is prayed for in that her homestead and dower rights be ascertained and that she recover certain sums which appellant has collected as the "psuedo" widow of Montgomery, does not render the bill multifarious. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33; Equity Rule 15, Code of 1940, Title 7 Appendix; Gaines v. Stevens, 248 Ala. 572, 28 So.2d 789.

In Hooke v. Hooke, supra [247 Ala. 450, 25 So.2d 36], we said:

"There is no doubt of the general jurisdiction of a court of equity to grant relief against fraud. The jurisdiction extends, as has been held repeatedly by this court, to the vacation of decrees obtained by fraud in courts of equity, as well as to judgments of courts of law. It likewise is well established in this jurisdiction that decrees entered in divorce cases are subject to vacation and annulment on the same grounds as other decrees. Smith v. Smith, supra (243 Ala. 488, 10 So.2d 664); Miller v. Miller, 234 Ala. 453, 175 So. 284; Wright v. Wright, 230

Ala. 35, 159 So. 220; Ex parte Kay, 215 Ala. 569, 112 So. 147.

"To sustain a bill to vacate the judgment or decree of a court of competent jurisdiction for fraud, the bill must allege the facts showing that the fraud was in the concoction or procurement of the judgment or decree and must be extrinsic or collateral to the matter which was tried and determined by them. Sims v. Riggins, 201 Ala. 99, 77 So. 393; Miller v. Miller, supra (234 Ala. 453, 175 So. 284); Jones v. Henderson, 228 Ala. 273, 153 So. 214. However, this has been held to include false and fraudulent statements in a petition, which were necessary to invoke the power or jurisdiction of the court to render the decree under attack. Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Keenum v. Dodson, 212 Ala. 146, 102 So. 230; McGathey v. Thompson, 224 Ala. 163, 138 So. 841."

The substitute bill in the instant case meets these requirements.

The bill also sufficiently alleges fraud in reference to those charges that complainant was in fact non compos mentis and appellant had secured the decree without so informing the court, and in securing the decree without any guardian or guardian ad litem. See Stephens v. Stephens, 253 Ala. 315, 45 So.2d 153; Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153.

See Fox v. Fox, 235 Ala. 338, 179 So. 237, for an analogous case where the bill was by the surviving wife to set aside the divorce decree obtained by her husband.

The decree sought to be annulled was rendered in 1936, fifteen years before the filing of the bill, but the bill alleges that complainant had no notice of the divorce suit and the fact of the existence of the decree was not discovered until the death of Montgomery in 1951, whereupon the original bill here was filed that same year. This was sufficient to bar the application of the three year statute of limitations prescribed by Equity Rule 66. Laney v. Dean, 258 Ala. 37, 61 So.2d 109. The action was begun within the time prescribed by Title 7, § 42, Code of 1940. See Miller v. Miller, 234 Ala. 453, 175 So. 284; Nichols v. Dill, 222 Ala. 455, 132 So. 900.

We think the above adequately disposes of assignments of error 1, 2, 3, 4 and 5.

The sixth assignment of error refers to the claim against appellant for all sums received by her as the widow of William T. Montgomery from the Railroad Retirement Board. Appellant insists that the Board, under 45 U.S.C.A. §§ 228a–228y, had exclusive jurisdiction to determine to whom benefits provided by the act were payable and the receipt of the money by appellant precludes a recovery by the appellee. It is correct that the payment of the money by the Board to appellant precludes the appellee from recovering from the Board in the event that she is determined to be the legal widow of William T. Montgomery, but we do not think appellee is precluded from a recovery of the sums so received from appellant in this suit.

A suit for money had and received is in the nature of an equitable action and is maintainable whenever one person has money which *ex aequo et bono* belongs to another. No privity of contract is necessary between the parties. The law implies a promise to pay the person rightfully entitled to receive the money. Barnett v. Warren & Co., 82 Ala. 557, 2 So. 457; Levinshon v. Edwards, 79 Ala. 293; Allen v. M. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A.L.R. 1063; Alabama Dry Dock & Shipbuilding Co. v. Ward, 32 Ala. App. 535, 27 So.2d 710. The provision of the railroad retirement act exempting the annuity or pension fund from attachment was intended solely to relieve the federal authorities as administrators of the fund from the annoyance of attachment of pensions or annuities in their hands. Commonwealth v. Berfield, 160 Pa.Super. 438, 51 A.2d 523. The claim here is not against the Board and in no way seeks to involve the Board. Where equity has duly taken jurisdiction, it retains jurisdiction for all

purposes whether the relief be equitable or legal. 8 Ala. Digest, Equity, ☞39 (1). The sixth assignment of error is, therefore, without merit.

The seventh assignment of error was that the trial court erred in overruling the demurrer to that part or phase of the bill which sought to require appellant to account for and a decree to be rendered against her for any rents or other moneys received by her for use and occupation or rental value of any real estate used and occupied by her.

The bill describes the homestead of the decedent with particularity and averred that he owned other real and personal property, the exact description and value of which was unknown to complainant, and averred that "said respondent, Elaine M. Montgomery, is occupying or renting and collecting the rent on all of said real estate."

Appellant demurred to this phase or aspect of the bill in her individual capacity only, taking the position that there were not sufficient allegations in the bill which would have supported a suit for use and occupation under Code of 1940, Title 31, § 46, and that there was no equity in this aspect of the bill.

We think the following from Hale v. Cox, 233 Ala. 573, 173 So. 82, 83, is applicable here:

"The bill seeks an accounting, and in aid of the relief sought, likewise a discovery. Fiduciary relations are shown with a duty to account. Marx v. Marx, 226 Ala. 684, 148 So. 418; First National Bank [of La Pine] v. Bradley, 223 Ala. 22, 134 So. 621. And its averments also suffice to show a right of complainant for a sale of the property for division among the joint owners.

"The matter of division of the property and accounting for that consumed or dissipated constitute the primary purposes of the bill, and these independent equities suffice for its maintenance. Discovery is incidental and auxiliary merely.

"If the equity of the bill rested upon discovery alone, verification was essential, but the bill containing an independent equity with discovery merely incidental, no verification is required, nor are the allegations necessary to support an independent bill for discovery required in a bill of this character. Shelton v. Timmons, 189 Ala. 289, 66 So. 9."

 Here the bill contained an independent equity and the discovery relative to the income from the property was merely incidental and it was not necessary to allege all the matters required to support an independent bill for this purpose. As to the equity of this aspect of the bill we quote from First National Bank of La Pine v. Bradley, 223 Ala. 22, 134 So. 621, 622, where the court said:

"The bill shows fiduciary relation, complication of account, and the necessity for a discovery of matters peculiarly within the knowledge of respondent. Any one of these was sufficient to give the court jurisdiction. Lindsey Lumber Co. v. Mason, 165 Ala. [194] 195, 51 So. 750. Where a court of equity rightfully obtains jurisdiction for equitable purposes, it will retain the same for such purposes and give full relief, whether legal or equitable, as to all purposes relating to the subject-matter of the bill, even though some of them alone would not have been subjects of equitable interposition. Baggett Mercantile Co. v. Vickery, 213 Ala. 427, 105 So. 207; Hause v. Hause, 57 Ala. 262; Ware ['s Adm'r] v. Russell, 70 Ala. 174, 45 Am.Rep. 82; Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 So. 196; Ellis v. Vandergrift, 173 Ala. 142, 55 So. 781."

The demurrer to this phase of the bill was properly overruled.

It therefore follows that there was no error by the trial court in overruling the demurrer to the bill.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.