(75 South. 459)

DAWSEY v. CULBRETH. (4 Div. 669.)

(Supreme Court of Alabama. April 26, 1917. Rehearing Denied May 24, 1917.)

1. MORTGAGES 615—BILLS TO REDEEM—PARTIES.

Where complainant and her husband executed a deed to secure a debt, and the husband subsequently paid a part of the debt and received a reconveyance of the land conveyed by him, he was not a necessary party to a suit by the wife to have the deed declared a mortgage and for redemption of the land conveyed by her.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1825–1832.]

2. EQUITY 115—BRINGING IN NEW PARTIES—DUTY OF COURT.

A mere suggestion in the answer, in a suit to have a deed declared a mortgage and for redemption, that a third-party had purchased the land without notice of complainant's rights, did not require the court to order such party brought in.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 280–283, 554.]

3. JUDGMENT 707—CONCLUSIVENESS—PERSONS NOT PARTIES.

Any rights of such third party would not be affected by the decree; he not being a party to the suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230.]

4. MORTGAGES 615—BILLS TO REDEEM—PARTIES.

Such third party's presence was not necessary to the settlement of the equities between complainant and defendant.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1825–1832.]

5. APPEAL AND ERROR 854(6)—REVIEW—WRONG REASON FOR CORRECT DECISION.

Where a motion for a rehearing, denied by the chancellor for want of jurisdiction, should have been denied on the showing made for the rehearing, it was unimportant that the chancellor assigned a wrong reason for his ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3423, 3424.]

6. EQUITY 392—APPLICATIONS FOR REHEARING—DISCRETION OF COURT.

An application for a rehearing rested in the discretion of the chancellor.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 834–851.]

Appeal from Chancery Court, Houston County; O. S. Lewis, Chancellor.

Bill by Leonora Culbreth against S. C. Dawsey to declare a deed a mortgage and to redeem. Decree for complainant, and respondent appeals. Affirmed.

The bill alleges that complainant and her husband, L. D. Culbreth, borrowed from S. C. Dawsey the sum of $1,200 at the rate of 10 per cent., and to secure same executed a deed to certain land therein described, with the understanding and agreement that when said money was repaid, with interest, the deeds were to become null and void. The bill alleges that L. D. Culbreth had paid respondent the sum of $900, and had received from respondent a reconveyance to his land, that complainant had paid respondent $75 and offered to pay the balance remaining on said debt, and that said respondent refuses to accept the same. In the answer it is set up that, without knowing that complainant claimed any interest in the land, but believing that all the right, title, and interest therein was in this respondent, respondent sold and conveyed by warranty deed to one Roland Roach all his right, title, and interest to said land, and that Roland Roach is now the owner thereof; respondent not claiming any right or title thereto.

W. A. Gunter, of Montgomery, for appellant. Farmer & Farmer, of Dothan, for appellee.

SAYRE, J. [1] There was no need for the presence of L. D. Culbreth. Both the pleadings and the proof showed that his interest in the subject of litigation had been eliminated before the bill was filed—eliminated by his repurchase from defendant (appellant) of the land which he had conveyed to appellant, whether by mortgage or deed with an option of repurchase is now a matter of no consequence, since the decree in no wise touches upon any right of his.

[2, 3] There was a suggestion of fact—that

one Roach, without notice of complainant's asserted equity, had before bill filed purchased for value from the defendant Dawsey the land which complainant had conveyed to Dawsey—which fact, if shown to the court in a more authoritative way, would have justified an order to bring in Roach as a party; but the court was not required to take such action on a suggestion, without more. If Roach has rights, they have not been affected by the decree, to which he was not a party.

[4] As the cause was submitted to the chancellor on the undisputed evidence offered by the complainant, no decree could have been considered other than that which was rendered. If Roach has acquired an interest, it would have been better, of course, to have him in; but, even in that event, his presence was not necessary to the settlement of the equities · between complainant and Dawsey.

[5, 6] The chancellor may have been in error in supposing that he had no jurisdiction of the motion for a rehearing—probably was; but the motion should have been denied on the showing made for it, and it is a matter of no importance that the chancellor may have assigned a wrong reason for his ruling. The motion hardly does more than reiterate the matters of defense that had been averred in defendant's answer to the bill, and the evidence on which it was submitted shows a case of wholly inexcusable neglect on the part of defendant, or some one for whose neglect he was responsible, in the preparation of the defense. In truth, though the matter was repeatedly brought to the attention of defendant or his counsel, no defense was prepared or presented, except in the way of averments in the answer. The matter rested in the discretion of the chancellor (Ex parte Gresham, 82 Ala. 359, 2 South. 486), and this court is unable to affirm error of his ruling against the motion.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.