97 So.2d 805

**MORGAN PLAN COMPANY, Inc.**

v.

Eunice H. BRUCE.

1 Div. 740.

Supreme Court of Alabama.

Oct. 31, 1957.

Caffey, Gallalee & Caffey, Mobile, for appellant.

495

Albert J. Seale, Mobile, for appellee.

PER CURIAM.

This is an appeal by the respondent from a final decree in equity awarding a monied judgment for a definite sum in favor of appellee.

The complainant was the daughter of Jeff Harvey, deceased, who, with Sophia Harvey, executed a warranty deed conveying six lots in Mobile to respondent for a recited consideration of the assumption by respondent of an indebtedness due on a mortgage which they had given to one Powell for the sum of $864, and for the further consideration of the payment and satisfaction in full by respondent of a mortgage executed by them to the respondent, and the further consideration of the payment to the grantors of the sum of $100.

The bill alleges that said deed was given in lieu of a foreclosure of the mortgage held by respondent, and that the consideration named in such deed was greatly inadequate, and that the reasonable market value at the time was far in excess of the amount of the consideration recited in the deed; and that the deed was given as a foreclosure of the mortgage with full statutory right of redemption, although not so recited therein.

The original bill alleges that the complainant offers to do equity and is ready, able and willing to pay such amount as may be decreed by the court to be necessary to effect a redemption according to the statutes of Alabama.

The prayer, after process, is that a decree be rendered declaring that the deed was given in lieu of foreclosure with full statutory right of complainant as an heir of Jeff Harvey to redeem and that a redemption by her as an heir of Jeff Harvey be effected by decree of the court, and prayer for such further relief as she may be entitled to receive.

See Morgan Plan Co. v. Bruce, 262 Ala. 314, 78 So.2d 650.

The final decree was rendered by the court after hearing testimony of the parties and witnesses before the presiding judge. The decree recited, among other things, that the consideration paid by respondent to Jeff Harvey and Sophia Harvey for the acquisition of the six lots was grossly inadequate and unreasonable; that said grantor "Jeff Harvey, not unduly influenced and (if) free to act according to his own volition and judgment, would not have surrendered his interest in said property for the price paid"; that the fair and reasonable market value of the land described was $2,600, and that the amount owing by Jeff Harvey and Sophia Harvey to respondent, including the Powell mortgage, was $1,364, and with the addition of the sum of $100 paid in cash, made a total of $1,464. The decree then recites that the complainant has offered to do equity and is ready, able and willing to pay the respondent such sum as may be necessary to effect a redemption of such real property, and that complainant is entitled to that relief. It then recites that the court is of the opinion that equity would be best served by requiring the respondent to pay to the complainant for herself and the other heir of Jeff Harvey, deceased, a sum equal to the difference between the fair market value of said property and the amount paid therefor by respondent to the said Jeff Harvey and interest thereon. The court found this to be the sum of $791.40, for which a judgment was rendered in favor of complainant.

■ It is not clear whether the theory of complainant and her counsel in this case is that the deed is void on account of inadequacy of consideration and undue influence, and having been executed by the mortgagor to the mortgagee the equity of redemption was restored; or whether the deed was executed merely in lieu of a foreclosure reserving in the mortgagor the statutory right of redemption. The evidence shows no such written agreement as is necessary. Dean v. Griffith, 257 Ala. 67, 57 So.2d 545.

In one instance the right of complainant would be the equity of redemption, and in the other it would be the statutory right of redemption. The prayer of the bill and its allegations indicate a purpose to have the statutory right of redemption fixed and enforced.

■ The particular relief which the trial court granted was neither the equity of redemption nor the statutory right of redemption. The bill did not pray for a monied judgment in lieu of such redemption. Upon the basis of such a bill in equity, we do not think the court would be justified in rendering a personal judgment as was done in this case.

The facts developed on the trial show that as a part of the transaction in which Jeff Harvey and Sophia Harvey executed the deed to the respondent, and at the instance of Jeff Harvey, the lots were sold and conveyed to Leonard Allen and Ledger Diamond for a consideration of $2,600, which they have paid to the respondent. Allen and Diamond are shown to be sons-in-law of Sophia Harvey, and are not shown to have been ignorant of the terms of the transaction whereby Jeff Harvey and Sophia Harvey executed the deed to the respondent. On the contrary, the indication is clear that they had knowledge of such details and participated in it.

The principle contention made by appellant in brief is that the bill seeks to exercise the right of redemption without making Allen and Diamond parties to the suit; and, further, that the court erred in decreeing a personal judgment against appellant.

On the other hand, appellee contends that it is not necessary to have as parties Allen and Diamond since no decree of redemption was rendered, but the decree only granted relief by way of a monied judgment which in no way affects the rights of Allen and Diamond. Appellee bases her claim upon a principle of law which is well settled in this State and is fully stated in Hall v. Hall, 241 Ala. 397, 2 So.2d 908, 913, as follows:

"The facts which we have recited in the instant case are sufficient as between the parties to the deed to invalidate it as a conveyance of the equity of redemption, and are squarely within the principles declared in the case cited above. [Johnson v. Maness, 241 Ala. 157, 1 So.2d 655.] Having such right and not being able to enforce it on the land sold to the United States for value, William has the privilege at his election to transfer his inchoate beneficial interest in the land to the proceeds of the sale of it which Mittie and Arthur received from the United States. The fact that thereby a moneyed judgment may be all that is now available does not militate against the power of equity to declare and enforce a trust when a moneyed judgment is the relief which is sought and ultimately granted. Kelley v. Woodley, 228 Ala. 401, 153 So. 745; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357; Patton v. Darden, 227 Ala. 129, 148 So. 806."

The principle is again analyzed in the case of Ex parte Morton, 261 Ala. 581, 75 So.2d 500, 509, in the following language:

"The nature of the suit here pursued is available to a lienholder whose lien was destroyed by defendant while in possession of the property with the legal title or holding under it and who sold without authority and received value for it. Having the possession supported by the legal title, and plaintiff having a lien, defendant was in the status of a trustee holding for the benefit of plaintiff to the extent of his interest. And when such a person sells the property and destroys plaintiff's lien and receives value for it, the lien attaches to such value and the trust is transferred to it. The Court held under those circumstances that such a person had received money or its equivalent, which in equity was subject to plaintiff's claim and, therefore, he could sue in equity, establish his claim and have a personal judgment without the necessity of identifying any certain fund or other asset in specie upon which to fasten the trust. And that since defendant had received money or its equivalent, which in equity and good conscience became subject to plaintiff's claim, he could sue such person at law on the common counts for money had and received,—Allen v. M. Mendelsohn & Son, 207 Ala. 527 [3], 93 So. 416, 31 A.L.R. 1063; Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363; or he could sue such a person in a tort action on the case for destroying his lien."

■ That theory was not in any respect brought out or suggested in the original bill. It is well understood that when a person has a lien on land or other property and the holder of the legal title disposes of it to one who is an innocent purchaser for value and protected against such lien, the lienholder has the right in equity to have the court transfer his lien to what is received as the consideration for the sale, thereby lifting his lien from the land or other property. The cases cited above mean that if his lien is not thereby destroyed, he has no such right to the consideration received.

■■ The right which this complainant has, if any at all, is the equity of redemption. Redemption involves a buying back of the property. Long v. King, 233 Ala. 379, 171 So. 738. It is to get the property back upon his paying the just claims held against it. He has no right to transfer his claim from the property itself to a monied demand unless he has lost the power to enforce his claim to the land by act of the holder of the legal title, without his voluntary consent. All of our cases seem to agree with that theory.

■ The case of Dawsey v. Culbreth, 200 Ala. 83, 75 So. 459, indicates that it is not always necessary to have the holder of title to property as a party in court when his rights are not affected and when the decree seeks no relief against him. It is not

at all clear in the Dawsey case exactly what relief was sought, and we do not consider it an authority against the proposition which we have asserted.

The cases cited in Hall v. Hall, supra, show that the principle is well settled in Alabama as recited in that case and in Ex parte Morton, supra. We cannot justify a personal judgment under the circumstances in favor of appellee against appellant. Therefore, the decree of the trial court should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.