BRYAN, Judge.
 

 The plaintiff, Wayne Gatlin, appeals from a nonfinal judgment. Because we lack jurisdiction, we dismiss the appeal.
 

 On July 18, 2002, Gatlin sued Marvin Joiner and Jerry Frank Neal and Rose A. Neal (“the Neals”), stating claims of trespass, slander of title, ejectment, conver
 
 *1140
 
 sion, negligence, and wantonness with respect to a gore of land (“the gore”) Gatlin claimed to own. Gatlin demanded a trial by jury. He later amended his complaint to add a claim seeking an easement by necessity and a claim seeking a permanent injunction enjoining Joiner and the Neals from trespassing on the gore in the future.
 

 Joiner and the Neals moved for a summary judgment, and Gatlin opposed that motion. Following a hearing, the trial judge entered an order (1) granting the summary-judgment motion with respect to Gatlin’s claims of slander of title, ejectment, conversion, and easement by necessity; (2) granting the motion with respect to Gatlin’s trespass claim insofar as it was grounded on allegations that Joiner and the Neals had trespassed on the portion of the gore located below the 509.34-foot elevation contour line established by the federal government; and (3) denying the motion with respect to Gatlin’s trespass claim insofar as it was grounded on allegations that Joiner and the Neals had trespassed on the portion of the gore located above the 509.34-foot elevation contour line. The trial judge’s order did not purport to rule on the summary-judgment motion with respect to Gatlin’s claims of negligence and wantonness or his claim seeking a permanent injunction enjoining Joiner and the Neals from trespassing on the gore in the future.
 

 Gatlin unsuccessfully petitioned the Alabama Supreme Court for permission to appeal the trial court’s interlocutory order regarding Joiner and the Neals’ summary-judgment motion. After the supreme court denied Gatlin’s petition, the action proceeded to trial before a jury. After both sides had rested, the trial judge charged the jury with respect to Gatlin’s trespass claim insofar as it sought damages grounded on allegations that Joiner and the Neals had trespassed on the portion of the gore located above the 509.34-foot elevation contour line; however, the trial judge did not charge the jury with respect to Gatlin’s claims of negligence and wantonness. The jury returned a verdict in favor of Gatlin and against Joiner and the Neals but awarded Gatlin only nominal damages. The trial judge entered a judgment on the jury verdict but did not rule on Gatlin’s claim seeking a permanent injunction enjoining Joiner and the Neals from trespassing on the gore in the future. Gatlin moved the trial judge to vacate the judgment he had entered on the jury’s verdict and to grant Gatlin a new trial; however, the trial court denied that motion. Within 42 days after the denial of that motion, Gatlin filed a notice of appeal to the supreme court. The supreme court transferred Gatlin’s appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Although none of the parties has questioned the finality of the judgment entered by the trial judge in this action,
 

 “jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court takes notice of them ex mero motu. A final judgment is one that completely adjudicates all matters in controversy between all the parties.
 

 “... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’ ”
 

 Eubanks v. McCollum,
 
 828 So.2d 935, 937 (Ala.Civ.App.2002) (quoting Rule 54(b), Ala. R. Civ. P.) (citations omitted).
 

 We find no order in the record expressly adjudicating Gatlin’s claims of negligence and wantonness. However, because those
 
 *1141
 
 claims were triable by a jury,
 
 see Wootten v.
 
 Ivey, 877 So.2d 585,
 
 589
 
 (Ala.2003) (When legal and equitable claims are presented in one action and a trial by jury has been demanded, “[p]urely legal claims, as well as factual issues common to the legal and equitable claims, must be determined by a jury; the remaining issues are then to be decided by the trial court.”), the omission of those claims from the jury charge was tantamount to a judgment as a matter of law (“JML”) in favor of Joiner and the Neals and against Gatlin with respect to those claims,
 
 see Alfa Life Ins. Corp. v. Jackson,
 
 906 So.2d 143, 153 (Ala.2005) (“The omission of the claims against English from the jury charge was tantamount to a JML for English and against the plaintiffs.”).
 

 However, Gatlin’s claim seeking an injunction enjoining Joiner and the Neals from trespassing on the gore in the future was an equitable claim rather than a legal claim.
 
 See Wootten v. Ivey,
 
 supra. Consequently, although the jury could decide any factual issues that that claim shared with Gatlin’s legal claim for trespass, which sought damages for Joiner’s and the Neals’ allegedly trespassing on the gore in the past, the jury could not decide the equitable claim seeking a permanent injunction.
 
 Id.
 
 Thus, the omission of the equitable claim seeking a permanent injunction from the jury charge was not tantamount to a JML in favor of Joiner and Neal and against Gatlin with respect to that claim.
 
 Id.
 

 Accordingly, because the record does not contain an order in which the trial judge ruled on Gatlin’s claim seeking a permanent injunction, that claim remains pending. In the absence of an order ruling on Gatlin’s claim seeking a permanent injunction, we could exercise jurisdiction over Gatlin’s appeal only if the trial judge had certified the partial judgment he entered on the jury verdict as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
 
 See Eubanks v. McCollum,
 
 supra. The record contains no such certification. Consequently, we must dismiss the appeal because we lack jurisdiction.
 
 See Blankenship v. Blankenship,
 
 963 So.2d 112, 114 (Ala.Civ.App.2007).
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.