MOORE, Judge.
Jamie D. Hammack (“the mother”) appeals from a judgment entered by the Fayette Circuit Court (“the Alabama trial court”) enforcing a September 2013 pickup order issued by the Circuit Court of Oka-loosa County, Florida (“the Florida court”). We affirm the trial court’s judgment.
The mother and Benjamin D. Moxcey (“the father”) entered into a brief, nonmar-ital relationship resulting in the birth of R.J.M, (“the child”) on March 23, 2011. The father, a, Florida resident, filed a paternity and custody action in the Florida court in 2012. On March 18, 2013, the Florida court conducted a trial in that action, resulting in the entry of a final judgment on March 20, 2013, awarding the father custody of the child; the Florida *1056 court subsequently issued a pickup order (“the first pickup order”) regarding the child based on its judgment. Despite the proceedings in the Florida court, on April 17, 2013, the mother commenced in the Alabama trial court an action seeking a determination of custody, visitation, and child support. Based on its conclusion that the Florida court had continuing, exclusive jurisdiction over the issues, the Alabama trial court dismissed the complaint filed by the mother. This court later affirmed the judgment of dismissal.[1] See Hammack v. Moxcey (No. 2120156, Feb. 21, 2014), 177 So.3d 481 (Ala.Civ.App. 2014) (table).
While the action commenced by the mother was pending, the father filed in the Alabama trial court a complaint to enforce the first pickup order. The Alabama trial court conducted an evidentiary hearing in that action, after which it entered an order on July 15, 2013, that dismissed the enforcement action; that order provided, in pertinent part:
“This case is before the Court on a Petition to Domesticate Foreign Decree and Enforce Same of [the father]. The [father] seeks to enforce the Order to Pick-Up Minor Child and said Order is based on an order entitled ‘Final Judgment of Paternity.’ Both Orders are out of the State of Florida. Based upon the evidence presented in the hearing the Court finds as follows:
“1. Under the Code of Alabama, 1975, § 30 — [3B]—308 the [mother] was entitled to notice in the Florida case. Notice was not given in accordance with § 30-3B-108 of the Code of Alabama, 1975.
“2. The testimony was that [the mother] did not receive notice of the final hearing in Florida until after the trial itself. Such notice was purported to be sent to [the mother’s] Alabama address approximately eleven (11) days prior to the trial.
“3. Under the Constitution [the mother] did not have notice and opportunity to be heard which is basic due process.
“Therefore the Motion to Dismiss of [the mother] is granted and the Petition of [the father] is hereby dismissed.”
The father did not appeal that judgment.
On September 6, 2013, the father orally moved the Florida court to issue another pickup order, which the Florida court granted. On September 26, 2013, the Florida court issued a second pickup order (“the second pickup order”) in the same action in which the first pickup order had been entered. On March 26, 2015, the father filed a complaint requesting the Alabama trial court to “domesticate” the second pickup order.[2] After obtaining service on the mother, the Alabama trial court conducted a nonevidentiary hearing on *1057 May 28, 2015, to determine whether to register and to enforce the second pickup order. On June 9, 2015, the Alabama trial court entered an order (“the Alabama judgment”) registering the second pickup order and commanding the mother to turn over the child to the father on July 18, 2015, which order it amended sua sponte on June 17, 2015, without making any substantive changes.
In registering the second pickup order, the Alabama trial court relied on Ala.Code 1975, § 30-3B-305, a part of Alabama’s codification of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-3B-101 et seq., Ala.Code 1975; however, that statute requires registration of only “[a] child custody determination,” which is defined as “[a] judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child.” Ala.Code 1975, § 30-3B-102(3). A pickup order is not a “child custody determination” but is an order enforcing a child custody determination. Arkansas Dep’t of Human Servs. v. Cox, 349 Ark. 205, 82 S.W.3d 806 (2002); see also H.T. v. Cleburne Cty. Dep’t of Human Res., 163 So.3d 1054, 1058 n. 3 (Ala.Civ.App.2014). Therefore, the Aabama trial court was not required to register the second pickup order under § 30-3B-305 in order for that order to be enforced in Aabama.[3] Thus, any error the Aabama trial court may have committed in registering the second pickup order could not have prejudiced the substantial rights of the mother so as to warrant reversal of the Aabama judgment. See Rule 45, Ala. R.App. P.
The Aabama trial court based its decision to enforce the second pickup order on Aa.Code 1975, § 30-3B-313, which provides:
“A court of this state shall accord full faith and credit to an order issued by another state and consistent with this chapter [i.e., the UCCJEA] which enforces a child custody determination by a court of another state unless the order has been vacated, stayed, or modified by a court having jurisdiction to do so under Aticle 2 [of the UCCJEA].”
By the terms of that statute, an Aabama court must give “full faith and credit,” i.e„ “recognition, acceptance, and enforcement,” Black’s Law Dictionary 786 (10th ed.2014), to another state’s pickup order if that order has been issued “consistent with” the UCCJEA.
On July 8, 2015, the mother filed a motion to alter, amend, or vacate the Aa-bama judgment, asserting that the second pickup order had not been issued “consistent with” the UCCJEA. The mother pointed out that, before the Florida court could make a child custody determination regarding the child, she was entitled to notice and an opportunity to be heard. See Fla. Stat § 61.518(1); Ala.Code 1975, § 30-3B-205. The mother attached to her postjudgment motion her affidavit in which she attested, in pertinent part:
“On February 16, 2012, the [father] filed a Petition to Determine Paternity in the [Florida court] asserting that he is the father of [the child]. I did not receive notice of that hearing and was not given the opportunity to be present and be heard before that court that made a child custody and visitation order.”
The mother argued that the Aabama trial court could not enforce the second pickup order because she was “entitled to notice, but notice was not given in accordance *1058 with the standards of Section 30-3B-108, [Ala.Code 1975,] in the proceedings before the court that issued the order for which enforcement is sought.” Ala.Code 1975, § 30-3B-308(d)(l)c. The mother moved the Alabama trial court to vacate the Alabama judgment. That same date, the mother also moved the Alabama trial court to stay enforcement of the Alabama judgment.
On July 10, 2015, the Alabama trial court entered an order staying enforcement of the Alabama judgment and ordering a hearing on the mother’s post-judgment motion. After that hearing, the Alabama trial court entered an order on October 1, 2015, amending the Alabama judgment. In the amended judgment, the Alabama trial court maintained that the second pickup order would be enforced but ordered that, pursuant to its exercise of temporary emergency jurisdiction, the exchange of custody would not occur until December 26, 2015, after the father and the child had participated in three “face-to-face” visits. On November 12, 2015, the mother filed her notice of appeal to this court. The Alabama trial court granted the mother’s motion to stay enforcement of the amended Alabama judgment on December 9, 2015.[4]
The mother argues that the Alabama trial court erred in enforcing the second pickup order because, she says, she did not receive notice of the March 18, 2013, trial upon which the Florida court based its March 20, 2013, child custody determination. The record does not affirmatively establish that the Florida court issued the second pickup order to enforce its March 20, 2013, judgment. The second pickup order states on its face only that it was issued in response to a September 6, 2013, motion made by the father. However, the parties are in agreement that the Florida court entered the only custody determination relating to the child on March 20, 2013, and the record contains no other basis upon which the second pickup order could have been issued. Thus, we treat the second pickup order as an order enforcing the March 20, 2013, child custody determination.
Under Ala.Code 1975, § 30-3B-313, an Alabama court must enforce a foreign pickup order so long as it was entered in accordance with the UCCJEA. Section 30-3B-205(a), Ala.Code 1975, a part of the UCCJEA, provides:
“Before a child custody determination is made under this chapter [i.e., the UC-CJEA], notice and an opportunity to be heard in accordance with the standards of Section 30-3B-108 must be given to all persons entitled to notice under the law of this state as in child custody proceedings between residents of this state, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.”
See also Fla. Stat. § 61.518(1) (substantially similar to § 30-3B-205(a)). Section 30-3B-205(a) requires a court making a child custody determination to give notice and an opportunity to be heard “in accordance *1059 with the standards of Section 30-3B-108” to a parent with ongoing parental rights. Section 30-3B-108, Ala.Code 1976, a part of the UCCJEA, provides:
“(a)' Notice required for the exercise of jurisdiction when a person is outside this state may be given in a mariner prescribed by the law of this state for service of process. Notice must be giv•'en in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.
“(b) Proof of service may be made in the manner prescribed by the law of this state.
“(c) Notice is not required for the exercise of jurisdiction with respect to- a person who submits to the jurisdiction of the court.”
See also Fla. Stat. § 61.509 (substantially similar to § 30-3B-108 but requiring service and proof of service in accordance with “the laws of the state in which service is made”). Section 30-3B-108 requires a court exercisirig jurisdiction over child custody proceedings to notify each parent of the child at issue so' that each parent is afforded an opportunity to be heard on the merits of the case. See, e.g., Blanchette v. Blanchette, 476 S.W.3d 273 (Mo.2015) (interpreting Mo.Rev.Stat. § 452.762, which requires service and proof of service in accordance with “the law of this state” or “the law of the state in which the service is made”). In that regard, § 30-3B-108 coincides with 28 U.S.C. § 1738A(e), a part of the Parental Kidnapping Prevention Act (“the PKPA”), which provides:
“Before a child custody or visitation determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child.”
See Ex parte C.J.A., 12 So.3d 1214, 1216 (Ala.Civ.App.2009).
. In this case, it is undisputed that the mother had received notice of the Florida child custody proceedings and that she had appeared with counsel in . those proceedings so that she had submitted to the jurisdiction of the Florida court. Accordingly, under the UCCJEA, the. Florida court did not have to formally notify the mother further that it would continue to exercise jurisdiction oyer the case. The question, however, is whether a court, in exercising its continuing jurisdiction, must notify a parent of the trial of the child custody dispute in order to meet the requirements regarding notice and an opportunity to be heard under the UCCJEA and the PKPA.
Although it is clear that a court need not give full faith and credit to a foreign judgment entered without procedural due process, see Pirtek USA, LLC v. Whitehead, 51 So.3d 291 (Ala.2010), the failure of a court to give notice to a party of a trial setting does hot necessarily imply a denial of due process. In fact, the rule prevailing in this state is that the failure of the clerk of the court to notify a party of a trial setting does not violate procedural due process unless the evidence shows that the clerk voluntarily assumed responsibility of notifying the parties and negligently failed to do so. Ex parte Weeks, 611 So.2d 259, 262 (Ala.1992).. In the proceedings below, the mother did not present any Florida law to the contrary, see Whitworth v. Dodd, 435 So.2d 1305, 1307 (Ala.Civ.App.1983) (“The courts of Alabama do not take judicial notice of the law of a sister state, whether statutory or otherwise.”), so the Alabama trial court was required to presume the law was the same in Florida. See International Paper Co. v. Curry, 243 Ala. 228, 238, 9 So.2d 8, 17 (1942). Accordingly, lack of notice of a trial date did not *1060 necessarily render the Florida child custody determination unenforceable.
In this case, the Alabama trial court had already determined in the earlier enforcement action filed by the father that the mother did not receive adequate notice of the March 18, 2013, trial setting in the Florida child custody proceedings. The father ordinarily would be prohibited from relitigating that issue under the doctrine of collateral estoppel, see Ex parte Flexible Prods. Co., 915 So.2d 34 (Ala. 2005), but the mother did not raise that affirmative defense to the Alabama trial court, so she waived any claim that the issue had already been conclusively decided. See Gatlin v. Joiner, 31 So.3d 126, 133 n. 5 (Ala.Civ.App.2009). Furthermore, it does not appear that the father or the mother referenced the Alabama trial court’s July 15, 2013, dismissal order in any pleadings or motions such that the Alabama trial court could properly have taken judicial notice of the contents of that order. See Garrett v. Gilley, 488 So.2d 1360, 1362 (Ala.1986). Thus, the Alabama trial court was again faced with the factual question whether the mother had received the required notice and an opportunity to be heard in the Florida child custody proceedings.
The UCCJEA generally places the burden of proof on the party contesting the validity of a foreign judgment. See Ala.Code 1975, § 30-3B-308(d)(1)c. In this case, the mother presented only her affidavit as evidence to support her position. In that affidavit, the mother attested that she had not received notice of that “hearing,” presumably referencing the March 18, 2013, trial in the Florida court. She did not assert that the Florida court had undertaken a duty to notify her of the trial setting or that it had negligently failed to send her notice. Even assuming that the Florida court had assumed the duty, due process requires only notice “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The mother presented no evidence indicating that the Florida court had failed to send out a notice complying with that standard; she asserted only that she did not receive the notice. Under these circumstances, the record does not contain sufficient evidence from which the Alabama trial court could have determined that the Florida court had failed to provide the mother the required notice and an opportunity to be heard.
In the absence of proof that the Florida court exercised its jurisdiction to award the father custody of the child in a manner inconsistent with due process, the Alabama trial court correctly determined that the second pickup order was entitled to full faith and credit under Ala.Code 1975, § 30-3B-313, as a proper exercise of the Florida court’s continuing jurisdiction over the case. The mother has not raised any other meritorious arguments, so we affirm the Alabama trial court’s judgment, as amended.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The court hereby takes judicial notice of the record from the previous appeal. See Morrow v. Gibson, 827 So.2d 756, 762 (Ala.2002) (" ‘This court takes judicial notice or has judicial knowledge of contents of it records with reference to its previous consideration of litigation presently before it.’ " (quoting FDIC v. Equitable Life Assurance Soc’y of the United States, 289 Ala. 192, 194, 266 So.2d 752, 753 (1972))).

. The mother argues that the father did not request enforcement of the second pickup order but, instead, merely requested registration of that order. We note, however, that the body of the father's complaint clearly requests enforcement of the second pickup order. See, e.g., Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969) ("The rule is that the character of a pleading is determined and interpreted from its essential substance, and not from its descriptive name or title.”). Therefore, we find the mother's argument regarding this issue to be without merit.

. Because the mother did not raise the issue in the trial court, we do not further discuss the proper procedure to be followed in order to obtain enforcement of a foreign pickup order.

. The Alabama trial cotirt had ordered the father to submit to drug testing, but the father had not complied with that order by December 7, 2015. The mother moved the Alabama trial court to stay enforcement of its amended judgment based, in part, on the father’s noncompliance with that order. The Alabama trial court granted the motion for a stay. On December 11, 2015, the father filed in this court a motion to vacate the stay or, in the alternative, a petition for a writ of mandamus directing the Alabama trial court to vacate its stay. This court elected to treat the father’s filing as a petition for a writ of mandamus and denied the father’s petition. Ex parte Moxcey (No. 2150269, Dec. 11, 2015), — So.3d (Ala.Civ.App.2015) (table).